Frederico RANDACCIO

v.

George C. WILKINSON, Warden, Federal Correctional Institution, Danbury, et al.

Civ. No. B–75–367.

United States District Court, D. Connecticut.

May 24, 1976.

Frederico Randaccio, pro se.

William F. Dow, III, Asst. U. S. Atty., New Haven, Conn., for respondents.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner, presently incarcerated at the Federal Correctional Institution in Danbury, Connecticut, challenges the adequacy of the reasons given by the Board of Parole in denying him parole. While the Board is entitled to confine a prisoner beyond his appropriate guideline range, see *Fisher v. United States*, 382 F.Supp. 241 (D.Conn. 1974), the issue here is whether such action was adequately explained.

Petitioner was convicted of conspiracy to interfere with interstate commerce by violence in violation of 18 U.S.C. § 1951. He was sentenced to serve the statutory maximum of 20 years. On July 26, 1975, petitioner was given an institutional review hearing as ordered by this Court, *Randaccio v. Norton*, Civil No. B–75–143 (May 29, 1975). His case was designated "original jurisdiction" and referred to the National Directors. See 28 C.F.R. § 2.17. The National Directors decided to deny petitioner's application for parole, and informed him of their decision in a notice dated July 28, 1975. After noting that the parole guidelines for adult cases with an offense behavior of high severity and a salient factor score of six indicated 20–26 months of incarceration and that petitioner had served 92 months, the National Directors gave the following reasons for denying parole and continuing petitioner for another institutional review hearing in December, 1976:

> After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration appears warranted because the offense was part of a large scale *or* organized criminal conspiracy *or* an ongoing criminal enterprise and an unusually sophisticated *or* professional manner was evident in the planning *or* commission of the offense and it is believed that you are a poorer risk than indicated by the salient factor score. (Emphasis added).

Petitioner appealed the adverse determination, and the decision was upheld by the National Appellate Board. See 28 C.F.R. § 2.27. By notice dated October 15, 1975, the National Appellate Board informed petitioner of the reasons for approving the decision of the National Directors. This notice substantially tracked the language of the statement of reasons previously given by the National Directors, but with two changes. First, the alternate reason given by the National Directors, that petitioner was believed to be a poorer risk than indicated by his salient factor score, was deleted. Second, each of the conjunctions "or" emphasized in the statement of reasons as set forth above was changed to "and."

If the record were concluded at that point, the reasons given would not be adequate to satisfy the Board's own regulation requiring reasons, 28 C.F.R. § 2.13. In *United States ex rel. Johnson v. Chairman, New York State Bd. of Parole*, 500 F.2d 925, 934 (2d Cir.), *vacated as moot sub nom. Regan v. Johnson*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974), the Court of Appeals made clear that while detailed findings of fact are not required, a parole board should furnish an inmate with both the "grounds" for its decision and "the essential facts upon which the Board's inferences are based." The statements of reasons from the National Directors and from the National Appellate Board supply grounds of decision, but omit any reference

to the essential facts upon which the inferences are based.

It is readily apparent how these statements of reasons were prepared. The National Directors' version simply tracks the language of the Board's regulation specifying some of the criteria that are to be used in designating a case as within the original jurisdiction of the National Directors:

> Prisoners whose offense behavior (A) involved an unusual degree of sophistication or planning or (B) was part of a large scale criminal conspiracy or a continuing criminal enterprise. 28 C.F.R. § 2.17(b)(2).

When the statement of reasons was prepared by the National Appellate Board, someone noticed that stating each of the grounds in § 2.17(b)(2) in the alternative provided no explanation of which grounds were in fact relied upon, and each "or" was therefore changed to "and." That change creates the illusion of a statement of grounds by indicating that in fact each of the grounds set out in the original jurisdiction regulation was relied upon. But without any mention of essential facts, the statement is simply a catch-all for all of the factors that made the case appropriate for original jurisdiction in the first place.

 By affidavit dated December 3, 1975, the Chairman of the National Appellate Board has set forth in considerable detail the precise facts of petitioner's case and sufficiently explained the grounds that were actually relied on. This statement shows that an unusually sophisticated and professional manner was evident in the planning of the offense. Elaborate plans were made by petitioner and others to commit armed robbery at a Los Angeles hotel to obtain several hundred thousand dollars of jewelry from hotel rooms and cash from the messenger for an armored car service.

While normally the Board's reasons should accompany rather than follow its actions, the affidavit adequately supports the action taken in the circumstances of this case since it is in explanation of grounds previously given the petitioner and was furnished only six weeks after those grounds were stated.[1]

The procedure followed has not, however, been ideal. If the Board wishes to be sure that it will not be required in the future to hold successive rounds of hearings, and to avoid the risk of a decision of outright release, cf. *Billiteri v. United States Bd. of Parole,* 400 F.Supp. 402 (W.D.N.Y.1975), it should henceforth set forth in its statement of reasons for continuing a prisoner beyond his appropriate guideline range the particular ground of decision (or grounds if there really are several) and simultaneously provide a sufficient statement of essential facts [2] so that the prisoner and a reviewing court can determine that the case received individualized consideration, and not simply a *pro forma* recitation of the pertinent regulation.

---

1. Petitioner has not contended that the Board's reliance on the seriousness of his offense behavior to continue him beyond the guideline range runs counter to dictum expressed in *United States ex rel. Johnson v. Chairman, New York State Bd. of Parole,* 500 F.2d 925, 931 (2d Cir.), *vacated as moot sub nom. Regan v. Johnson,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974), in which the Court of Appeals illustrated, as a "questionable" parole policy: "denying parole where, because of the type of offense for which he has been committed, the prisoner has not yet served an 'appropriate period' of incarceration . . . despite the prisoner's readiness for the community . . . ." Wholly apart from the significance of the fact that the judgment in *Johnson* was vacated as moot, it seems unlikely that the Court of Appeals intended by this illustration to invalidate the Board's guidelines, which were in effect at the time of the Second Circuit's decision. The illustration must be taken as a demonstration of the utility of furnishing reasons for denying parole, rather than as a condemnation of reliance on offense severity as a ground for denying parole. *See Battle v. Norton,* 365 F.Supp. 925, 931 (D.Conn.1973).

2. The recently enacted Parole Commission and Reorganization Act, 18 U.S.C. § 4201 *et seq.,* requires: "The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. § 4206(c).

In the circumstances of this case, the petition is dismissed.