Bobby WIGGINS, Petitioner,

v.

W. R. NELSON, Warden, FCI Danbury and Cecil McCall, Chairman, United States Parole Commission, Respondents.

Civ. No. B–81–88.

United States District Court,
D. Connecticut.

March 16, 1981.

## MEMORANDUM OF DECISION

EGINTON, District Judge.

Petitioner, Bobby Wiggins, an inmate at the Federal Correctional Institution at Danbury, Connecticut (FCI Danbury), was found guilty in the United States District Court for the Eastern District of Pennsylvania on one count of distribution of cocaine, two counts of distribution of methamphetamine, and one count of conspiracy to distribute methamphetamine. He was sentenced to a five year term of imprisonment, with a three year special parole term to follow, and received a suspended sentence of three years, with five years probation.

Petitioner seeks a writ of habeas corpus, claiming that the Parole Commission abused its discretion by denying him parole within the applicable guideline period, and by ordering his confinement until the expiration of the sentence. For the reasons set forth herein, the Commission did not abuse its discretion in setting a parole date beyond the period recommended by the guidelines, based on particular aggravating circumstances. Accordingly, the petition for a writ of habeas corpus is denied.

In accordance with the procedures set forth at 28 C.F.R. § 2.20, as adopted pursuant to 18 U.S.C. § 4203(a), the parole authorities computed petitioner's offense be-

havior severity rating as very high and his salient factor score to be nine. Based on the parole guideline charts, this combination of scores indicates a range of twenty-four to thirty-six months prior to release on parole. Petitioner does not dispute that the Commission correctly selected the appropriate guideline period based on his particular circumstances. Rather, he challenges the Commission's use of certain information to designate him a poor parole risk, and on that basis to order confinement until the expiration of his sentence.

Specifically, petitioner claims that since an earlier conviction for carrying a firearm on a public street without a license caused his salient factor score to be lowered, it was impermissible for the Commission to then extend his parole date beyond the guidelines because the narcotics crimes were committed while petitioner was on bail from the firearms charge. Thus, he challenges the authority of the Commission to penalize him twice for the same firearm conviction—in computing the salient factor score and in confining him beyond the guideline period.

Before reaching the merits of petitioner's claims, this Court notes its limited role in reviewing a decision by the Parole Commission. The appropriate standard of review, set forth in *Zannino v. Arnold*, 531 F.2d 687 (3d Cir. 1976), and followed in this district, provides that the district court "insure that the Board has followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious, nor based on impermissible considerations." *Brach v. Nelson*, 472 F.Supp. 569, 575 (D.Conn.1979); *Battle v. Norton*, 365 F.Supp. 925, 928 (D.Conn. 1973). Where a decision above guidelines is rendered, there is an added responsibility on the district court to assure that the Commission has documented the decision by a written notice, stating with particularity the reasons for the determination. 18 U.S.C. § 4206(c).

In the instant case, the Notice of Action dated July 16, 1980, specifically informs the

petitioner that, "you are a poorer parole risk than indicated by your salient factor score in that you were on bail at the time of the instant offense." Although this Court might have preferred a more detailed report, so long as the statement adequately apprises the petitioner and this Court of the precise reasons for the denial, the technical requirements of the statute have been satisfied.

With respect to reviewing the substantive decision, the district court also performs a limited role to assure that the Commission has not abused its discretion. *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir. 1976). In reaching a decision above guidelines, there must be good cause shown, which may be based upon one or several aggravating circumstances. 18 U.S.C. § 4206(c); 28 C.F.R. § 2.20(d). Among the factors which courts have recognized to be aggravating, are included the nature and length of a prisoner's prior criminal record, the nature, frequency, and similarity of offenses, or as in this case, the proximity in time of the prior offense to the more recent charges. These factors are not already reflected in the salient factor score, which only computes the number of prior convictions. *Brach, supra*, 472 F.Supp. at 574.

■ Admittedly, petitioner's firearm conviction was taken into account under Item A of the salient factors. However, no points were designated in the salient factor score based on petitioner's arrest while on bail from the firearm offense. Rather, the Commission relied upon the fact that he was on bail as an aggravating circumstance to justify a decision above guidelines. Thus, this is not a case where the reasons

for exceeding the guidelines simply restate the factors already computed as part of the salient factor score. Cf. *Brach, supra*, 472 F.Supp. at 575. Instead, the decision was based on petitioner's status at the time of the instant offense, which is distinct from the fact-of conviction and which may be considered by the Commission above and beyond the factors enumerated in the salient factor score. Accordingly, the Commission did not abuse its discretion by rendering a decision above guidelines.

For the reasons stated herein, petitioner's request for habeas corpus relief is denied.