Harry Louis TUNKS, Petitioner,

v.

Maurice H. SIGLER, Chairman, United States Parole Commission, United States Bureau of Prisons, Respondent.

No. 76–2321–RMT.

United States District Court, C. D. California.

June 1, 1977.

Nasatir, Sherman & Hirsch, Los Angeles, Cal., for petitioner.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Crim. Div., John D. Vandevelde, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## OPINION

TAKASUGI, District Judge.

This court's order of October 15, 1976, required the U. S. Parole Commission to grant petitioner Herman Tunks a rehearing concerning his parole revocation or to reinstate him to his former parole status. (*Tunks v. Sigler*, D.C., 427 F.Supp. 455 [1976].) One of the conditions placed upon that rehearing by the court was that the Parole Commission apply all applicable guidelines, to wit, those found in 28 CFR 2.20 et seq. as of the date of the rehearing. The petitioner alleges that those guidelines were not followed; therefore, per the terms of this court's previous order, he demands to be released.

The current dispute focuses on the proper severity rating of the offense for which petitioner's parole was revoked, possession of cocaine, a violation of 21 U.S.C. § 844 (hereinafter referred to as section 844). Section 2.20 of the guidelines contains, *inter alia*, severity classifications of various offenses, the categories being low, low moderate, moderate, high, very high and greatest. In cases of parole revocation for offenses not listed, section 2.21(b)(1) specifies that "the appropriate severity level may be determined by analogy with listed federal offense behaviors." The petitioner claims that the Parole Commission's interpretation of section 2.21(b)(1) as applied in his case was improper and an abuse of its discretion.

The guidelines list simple possession of marijuana as a "low moderate" offense; possession of any "hard drug" (including cocaine) with intent to distribute or sell is classified as an offense of "very high" sev-

erity; simple possession of cocaine is not listed at all. The Parole Commission classified Tunk's offense as "high" severity, reasoning that possession of cocaine, while not as severe an offense as possession of cocaine with intent to sell, was deserving of a higher classification than simple possession of marijuana. In making that determination, the Parole Commission exceeded its discretion under its own guidelines. Congress left no room for the Commission to decide that possession of cocaine is a greater offense than possession of marijuana when it classified possession of any controlled substance as a misdemeanor and subjected all such offenses to identical punishment. 21 U.S.C. § 844.

Inasmuch as the Parole Commission abused its discretion by improperly applying its own guidelines in its rehearing concerning petitioner's parole revocation on December 14, 1977, this court hereby orders the United States Bureau of Prisons to release Herman Tunks from custody, and the court hereby orders Mr. Tunks restored to his former parole status for the balance of his term.