**Gerald E. STOLLER, Petitioner,**

v.

**Paula TENNANT, Commissioner, United States Parole Commission and United States Bureau of Prisons, Respondents.**

**No. CV 77–3555–AAH.**

United States District Court,
C. D. California.

April 3, 1978.

## JUDGMENT DENYING PETITION FOR HABEAS CORPUS

HAUK, District Judge.

Petitioner, Gerald E. Stoller, was convicted, after a jury trial of distribution of a controlled substance, conspiracy to distribute and conspiracy to import controlled substances. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846, 963 and 18 U.S.C. § 2.

On March 7, 1975, petitioner was sentenced to 10 years in the custody of the Attorney General, with a special parole term of 3 years as mandated by 21 U.S.C. § 841(b)(1)(A) following his confinement.

On August 14, 1975, the petitioner received his initial parole hearing. Petitioner complains that at this hearing no "progress reports" were received or considered and no determination was made as to his behavior and progress during his first five months of imprisonment. Petitioner, therefore, argues that his institutional behavior and rehabilitation were not considered by the Parole Commission. This argument is fallacious and erroneous. Although there was no "progress report" prepared or submitted on the petitioner, the Hearing Panel did consider a Staff Report prepared on June 10, 1975, setting forth his "clear conduct record" and his "excellent work record," and these matters were alluded to by the petitioner's attorney by whom he was represented at the hearing.

Petitioner's second allegation of error is that the Parole Commission failed to follow its own published Guidelines in that the Commission determined that incarceration beyond the period called for in the Parole Commission's Guidelines was arbitrary and capricious.

■ The petitioner was properly advised at this initial hearing that his offense severity rating was "very high" under the Commission's Guidelines, 28 C.F.R. 2.20. Additionally, he was advised that, because the offense was part of a "large scale criminal conspiracy" and "an unusually sophisticated manner" was evident in the planning and commission of the offense, he would be continued in custody beyond the "26 to 35 mo" indicated by his salient factor score of 10. This was obviously, and he was so informed, beyond the Guidelines as established by the Commission in 28 C.F.R. 2.13, but equally as obvious is the fact that the Commission could and did properly act beyond the Guidelines.

Petitioner cites *Grattan v. Sigler,* 525 F.2d 329 (9th Cir. 1975) and *Tunks v. Sigler,* 432 F.Supp. 615 (C.D.Cal.1977) for the proposition that his rating of "very high" was outside the Parole Commission Guidelines. The cases cited by the petitioner are, at best, inapposite.

In *Grattan,* the National Board told the petitioner that the reason for the denial of his parole within the Guidelines was the "very high" severity rating he received because he was a ringleader, but told him this *only after* the petitioner had exhausted his administrative remedies and filed a petition for a writ of habeas corpus in the District Court. The Court of Appeals stated that Grattan's offense severity could properly be raised because he was a ringleader, but concluded that because he was not informed of the reason for the severity rating until after he had exhausted his administrative remedies, the Board's explanation came too late.

The *Tunks* case, supra, is simply inapplicable to the present case. In that case the Court found that the Parole Commission's designation of the offense severity level for simple possession of cocaine as "high" exceeded the discretion given to the Commission by Congress and even exceeded the Commission's own Guidelines, because simple possession of cocaine should be given the same severity rating as simple possession of marijuana, to wit, "low moderate" inasmuch as both offenses are prohibited by the same statute and carry the same penalties.

■ Here, in the instant action, the Commission fulfilled the statutory requirements of 21 U.S.C. §§ 841, 846, 963, distribution, conspiracy to distribute and conspiring to import cocaine; and met its own Guidelines and requirements, 28 C.F.R. 2.20 and 2.13 (1975). The Commission properly assigned him a "very high" severity rating along with his salient factor score of 10 under 28 C.F.R. 2.20, but then properly went outside the Guidelines for a period longer than the "26 36 mo," as permitted by 28 C.F.R. 2.13, by citing two specific factors of (a) "large scale criminal conspiracy," and (b) "an unusually sophisticated manner" which was evident in the planning and commission of the offense.

■ Finally, petitioner contends that he was denied due process of law since he was not informed prior to the initial hearing, that the Commission intended to label his offense as part of a "large scale criminal conspiracy" with an "unusually sophisticated manner" evident in its planning and commission. Neither the Guidelines nor the statute impose any such requirement on the Commission. In *Lupo v. Norton,* 371 F.Supp. 156, 162 (D.Conn.1974) the Court pointed out that the regulations requiring a statement of reasons does not mandate just when the reasons are to be given, though "it would be helpful to alert the prisoner to this prospect *during* the parole hearing in order to maximize his opportunity to challenge the allegations." (Emphasis Added) The Court also stated "[w]hether or not the prisoner is confronted with his alleged offense during the hearing, explicit reference to his alleged offense as a reason for parole denial by the Board [. . .] will still

afford the prisoner an opportunity to challenge the allegations in his administrative appeals." *Id.* at 162. Petitioner here did in fact learn of the pertinent allegations in the course of this initial hearing.

Finally, the Court is convinced by a review of the factual record that there was no abuse of discretion or evidence of arbitrary or capricious conduct by the Parole Commission. *See, Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir. 1977).

In the absence of any such evidence of an abuse of discretion or of arbitrary or capricious conduct on the part of the Commission, the Court may not disturb the findings of the Parole Commission.

Habeas Corpus is, therefore, improper and the Petition is DENIED, the clerk to serve copies on petitioner and counsel.