647 F.2d 125
 Duane POPE, Plaintiff-Appellant,
v.
The UNITED STATES PAROLE COMMISSION, and/or its individual
members whose names are unknown to plaintiff,
individually and in their official
capacities, Defendants-Appellees.
 No. 80-1108.
 United States Court of Appeals,
Tenth Circuit.
 April 27, 1981.
 
 Duane Pope, pro se.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, a prisoner at the United States Penitentiary, Leavenworth, Kansas, filed a pro se complaint charging the United States Parole Commission with violating his civil rights by wrongfully denying his application for parole. Plaintiff seeks a declaratory judgment that the Commission's parole procedures denied him due process. This claim is cognizable under 42 U.S.C. § 1983. See Candelaria v. Griffin, 641 F.2d 868 (10th Cir. 1981); Schuemann v. Colorado State Board of Adult Parole, 624 F.2d 172, 173 n.1 (10th Cir. 1980); Williams v. Ward, 556 F.2d 1143, 1150-51 (2d Cir.), cert. dismissed, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).
 
 
 3
 Plaintiff also seeks a mandatory injunction ordering the Commission to parole him. This claim is properly heard pursuant to our habeas corpus jurisdiction, since its object is release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Schuemann v. Colorado State Board of Adult Parole, 624 F.2d 172, 173 n.1 (10th Cir. 1980). Plaintiff has exhausted his administrative remedies.
 
 
 4
 Plaintiff presents six grounds in support of his claim for relief. We affirm summarily the district court's dismissal of five of these grounds. Plaintiff's challenges to the Commission's reliance on "salient factor scores" (28 C.F.R. § 2.20), record keeping (18 U.S.C. § 4208(f)), denial of appeal (18 U.S.C. § 4215), notice (18 U.S.C. § 4206(b)), and failure to set a presumptive parole date (28 C.F.R. § 2.12(b)) are without legal merit. Even assuming, without deciding, that plaintiff has a liberty interest in his parole,[1] the procedures which he complains of accorded him that minimal due process required in such a parole proceeding. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 155 (1979). "(L)iberty interests can be created by rules," Walker v. Hughes, 558 F.2d 1247, 1255 (6th Cir. 1977); see Gurule v. Wilson, 635 F.2d 782, 785 (10th Cir. 1980), but the record reveals no violation of statutory and administrative directions.
 
 
 5
 We comment on plaintiff's sixth challenge because it is a matter of first impression before us. Plaintiff claims that the Commission's designation of his case as an "original jurisdiction" case prejudiced his parole application and that he deserved advance notice of this designation and an opportunity to challenge it. The procedure for and purpose of designating a case as "original jurisdiction" is set out at 28 C.F.R. § 2.17. Even assuming that plaintiff has a liberty interest in his parole, the designation of his case as "original jurisdiction" did not violate his right to due process:
 
 
 6
 Designation of a case as original jurisdiction does not reflect a judgment by the Board as to the merits of an inmate's application for parole. The referral has the sole effect of bringing the case before the National Directors of the Board of Parole for the initial parole release decision, whereas in the normal case the authority to make the initial decision is delegated to the hearing examiners. The referral also has the additional effect of providing the inmate with an appeal to the entire Board of Parole, at which time his representative may appear and argue his case.
 
 
 7
 The purpose of the increased voting quorum requirements is not to make parole more difficult to obtain but to protect confidence in the integrity of the Parole Board by assuring that there is a broader consensus among Board members in cases where there is more likely to be public or private pressure to parole or not to parole. 40 Fed.Reg. 5357 (February 5, 1975).
 
 
 8
 King v. Warden, United States Penitentiary, 551 F.2d 996, 999 (5th Cir. 1977). See Smaldone v. United States, 458 F.Supp. 1000 (D.Kan.1978).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 In Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 155 (1979), the Supreme Court held that the mere possibility of parole does not create a liberty interest. Nebraska's parole system did create a liberty interest but was considered unique insofar as it required that a prisoner be paroled unless the parole board, upon consideration of four factors, concluded that parole should be deferred. The Ninth Circuit has intimated, without deciding, that the federal parole system does create a liberty interest. Bowles v. Tennant, 613 F.2d 776, 778 (9th Cir. 1980). But see Shahid v. Crawford, 599 F.2d 666, 670 n.5 (5th Cir. 1979)