Steven BAKER, Petitioner,

v.

Cecil McCALL, Chairman, United States Parole Commission, and Michael J. Quinlan, Warden, Federal Correctional Institution, Otisville, New York, Respondents.

No. 81 Civ. 3487 (LBS).

United States District Court,
S. D. New York.

Dec. 1, 1981.

Carlos Jenkins, New York City, for petitioner.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., Susan Millington Campbell, Asst. U. S. Atty., New York City, for respondents.

## OPINION

SAND, District Judge.

*Facts*

Petitioner Baker was convicted in this Court for possession and distribution of heroin and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846. On January 23, 1978, Judge Henry Werker sentenced him pursuant to 18 U.S.C. § 4205(b)(2) to a thirty year term of imprisonment, a special three year parole term, and a fine of $20,000. Petitioner is presently serving his sentence at the Federal Correctional Institution in Otisville, New York.

Petitioner's initial parole hearing was held on April 23, 1980 in Atlanta, Georgia, before a panel of hearing examiners. The panel recommended that petitioner be continued for presumptive parole in 1985. The panel then referred the case to the regional commissioner for original jurisdiction. Recommending a ten year reconsideration hearing, the Regional Commissioner sent the matter to the National Commission as an original jurisdiction case on June 12, 1980. The National Commission agreed with the determination of the Regional Commissioner and continued the case for a ten year reconsideration hearing in April, 1990. As mandated by statute, an interim hearing was scheduled for April, 1982. Upon petitioner's appeal, the full National Commission affirmed this decision. The petition for writ of habeas corpus was then filed on June 2, 1981.

Petitioner claims five bases for issuance of the writ. He asserts (1) that information used against him by the Panel of Hearing Examiners was not disclosed to him before the hearing; (2) that the National Commission's decision to continue the case for ten years violated the guidelines set forth at 28 C.F.R. § 2.20 (1980); (3) that the Commission relied on erroneous evidence and failed to take petitioner's favorable institutional record into account; (4) that petitioner was denied meaningful parole consideration because the Regional Commissioner's designation of his case as an original jurisdiction matter prejudiced his application; (5) that the Commission acted arbitrarily by treating petitioner more severely than his co-defendant.

▪ The Court's ability to review the Parole Commission's decision is circumscribed. The Commission's determination may only be challenged if it is "arbitrary or capricious or an abuse of discretion." *Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir. 1977). Petitioner's claims, taken either singly or collectively, do not support the conclusion that such abuse has occurred in this case.

### A. *Disclosure of Evidence*

Petitioner contends that the evidence used at the initial panel hearing was not adequately disclosed to him. This evidence consisted of a fifteen page pre-sentence report. The record indicates that he was afforded a full opportunity to review the information contained in the report during a recess of the hearing (Ferlazzo Affidavit, ¶ 3). His file also showed that he saw the entire pre-sentence report when he first entered prison (Ferlazzo Affidavit, ¶ 4).

■ The Parole Commission's procedure manual mandates prehearing disclosure if a prisoner makes a request thirty days before the hearing (Petitioner's Traverse, ¶ 2). While the Commission did not formally respond to petitioner's timely request for disclosure until the start of the hearing, the delay does not warrant a finding that petitioner's due process rights were violated. *Cf. Haymes v. Regan*, 525 F.2d 540 (2d Cir. 1975). Petitioner was not prejudiced by the delay in disclosure; he was able to present by way of his regional and national appeals his charges of erroneous information. *Payton v. Thomas*, 486 F.Supp. 64, 68 (S.D.N.Y. 1980).

### B. *Deviation from Guidelines*

■ Pursuant to 18 U.S.C. § 4203(a), the Parole Commission adopted guidelines designed to promote "a more consistent exercise of discretion . . . ." in granting parole. 28 C.F.R. § 2.20(a). Because petitioner's offense fell into the "Greatest I" category and he had a salient factor score of 10, he would normally be entitled to release after 40 to 52 months. In imposing a 10 year reconsideration hearing, the Commission effectively tripled the guidelines. It is well settled, however, that a decision outside the guidelines may be rendered where there is "good cause for so doing" 18 U.S.C. § 4206(c) (1981 Supp.),[1] *Stoller v. Tennant*, 448 F.Supp. 712 (C.D.Cal.1978).

---

**1.** Section 4206(c) provides that

(c) The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause

As the District Court of Connecticut pointed out in *Brach v. Nelson*, 472 F.Supp. 569 (D.Conn.1979):

> Good cause has not been defined specifically in either the enabling legislation or the Commission's own regulations. Courts, faced with the task of enunciating the parameters of this standard give the Commission wide latitude so long as it adequately explains the decision to the inmate and the decision is neither arbitrary or capricious. [Citations omitted] 472 F.Supp. at 574.

In the instant case, the Commission's notice of action declared that a decision above the guidelines appeared warranted because petitioner's offense was "unusually sophisticated" in that he was involved "with at least 13 co-conspirators over a period of approximately four years in the distribution of heroin." Petitioner was also identified "as being a significant narcotic dealer as well as occupying a managerial role in the operation." [Pet. Ex C.]

■ To justify a decision outside the guidelines, the reasons given in the notice of action must stand apart from the factors already considered in determining the offense severity rating. *Brach v. Nelson, supra; Lupo v. Norton*, 371 F.Supp. 156 (D.Conn.1974). Commission regulations mandate a "Greatest I" rating for opiate offenses involving "Possession with intent to distribute/sale [managerial or proprietary interest and a very large scale (e.g., offense involving more than 50 grams of 100% pure heroin or equivalent amount) ]." 28 C.F.R. § 2.20. The Notice of Action relied on the *unusual* sophistication and duration of the conspiracy as well as on the evidence that petitioner was a *chief* lieutenant to provide the separate aggravating factors that are required. Since the language of the notice adequately explained the decision to the petitioner and to this reviewing court, it may not be challenged.

for so doing: *Provided*, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.

*Stoller v. Tennant, supra; Mayo v. Sigler,* 428 F.Supp. 1343 (N.D.Ga.1977).

## C. *The Adequacy of Evidence Considered by the Commission*

■ The Commission must consider any relevant information regarding the prisoner in making a parole determination. 18 U.S.C. § 4207. Decisions on the relative weight to be given the evidence are "within the province of the commission's broad discretion." *Richards v. Crawford,* 437 F.Supp. 453, 455 (D.Conn.1977).

■ Petitioner argues that the Commission abused its discretion by "totally ignoring" petitioner's favorable institutional record and promising release plans. Yet petitioner's progress report, dated April 1980 (Pet. Ex E), was presumably before the National Commission when they decided on the ten year reconsideration hearing in July of 1980. It is evident that the National Commissioners considered the "unusual sophistication" of petitioner's criminal activity the most salient aspect of his record and that they gave more weight to his "managerial role" in the crime itself than to his institutional adjustment. The decision to extend petitioner's imprisonment beyond the applicable guideline range does not represent a clear abuse of discretion. *Albano v. Anderson,* 472 F.Supp. 931 (M.D.Pa.1979). *But see, Hearn v. Nelson,* 496 F.Supp. 1111, 1115 (D.Conn.1980).

■ Petitioner further contends that the Commission relied on false and irrelevant information in making its decision. This assertion is not supported by the record. The Commission justifiably relied on petitioner's pre-sentence report which detailed his involvement in the conspiracy. 18 U.S.C. § 4207.[2]

## D. *Meaningful Parole Consideration*

■ Petitioner claims that the referral of his case for an original jurisdiction decision violated his rights to meaningful parole consideration. Such an assertion is without merit.

[S]uch a referral does not implicate any constitutional or statutory rights. "The original jurisdiction referral . . . does not affect the prisoners' chances for parole but merely requires that the decision be made by the commission members rather than by hearing examiners." *Wilden v. Fields,* 510 F.Supp. 1295, 1308 (W.D.Wis. 1981) (quoting *Christopher v. U. S. Board of Parole,* 589 F.2d 924, 932 (7th Cir. 1978)).

The designation in no way undermines petitioner's due process rights, and can not form grounds for issuance of the writ. *Pope v. United States Parole Commission,* 647 F.2d 125 (10th Cir. 1981).

## *Disparate Treatment of Co-Defendants*

■ Petitioner cites no direct authority for his contention that the allegedly more lenient treatment of his co-defendants violates his due process rights. The government correctly points out that the Commission considers each claim for parole on its own merits. This Court must do likewise. Given the variety of elements which determine a prisoner's suitability for parole, the Court can not regard the differing treatment of co-defendants as a reliable indication of inequitable treatment for the prisoner. *Cf. Hearn v. Nelson,* 496 F.Supp. 1111, 1118 (D.Conn.1980).

In any case, petitioner has apparently misstated the facts concerning his co-de-

---

**2.** § 4207. Information considered

In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:

(1) reports and recommendations which the staff of the facility in which such prisoner is confined may make;

(2) official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;

(3) presentence investigation reports;

(4) recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge; and

(5) reports of physical, mental, or psychiatric examination of the offender.

There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available.

fendants. There is apparently not as great a disparity as first alleged (Schneider Affidavit, ¶ 7).

For the reasons stated above, the petition is denied.

SO ORDERED.