Virgil ALESSI, Petitioner,

v.

J. Michael QUINLAN, Warden, Federal Correctional Institution, Otisville, New York, United States Parole Commission, and William French Smith, Attorney General of the United States, Respondents.

No. 81 Civ. 4844 (RWS).

United States District Court, S.D. New York.

Oct. 22, 1982.

John L. Pottenger, Jr., New Haven, Conn., for petitioner.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for respondents; Stephen Dvorkin, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge. .

Petitioner Virgil Alessi ("Alessi") has made a motion for an order "releasing him on parole forthwith" pursuant to his petition for a writ of habeas corpus because the Government has allegedly failed to comply with this court's opinion dated July 9, 1982, which found that the United States Parole Commission ("Commission") had violated Alessi's right to due process. For the reasons stated below, the motion will be granted.

*Background*

The history of Alessi's conviction and incarceration are set out in this court's July 9, 1982 opinion. Alessi filed this petition on August 5, 1981. The Government moved to dismiss the petition in January, 1982. This

court denied the motion in the July opinion, finding that the Commission's decision to extend Alessi's incarceration beyond the Parole Guidelines was a violation of his right to due process. Specifically, the Commission engaged in impermissible double counting when, "having classified Alessi's 1976 conviction as Greatest I, because of a managerial interest and a very large scale offense, the Commission used the same rationale to justify an extended period of incarceration beyond the Guidelines." *Alessi v. Quinlan*, No. 81 Civ. 4884, slip op. at 8 (S.D.N.Y. July 9, 1982).

The guidelines mandate a "Greatest I" rating for opiate offenses involving "Possession with intent to distribute/sale [managerial or proprietary interest and a very large scale (e.g. offense involving more than 50 grams of 100% pure heroin or equivalent amount)]." 28 C.F.R. § 2.20. Combining Alessi's offense characteristics (Greatest I) with his offender characteristics (salient factor score of 9), the guidelines provide for a term of imprisonment of 40–52 months. Alessi has been incarcerated since January 1977; he is currently above the guidelines period.

The Commission's Notice of Action dated March 24, 1980 informed Alessi that "a decision above the guidelines appears warranted because your offense behavior involved the following aggravating factors: The conspiracy involved more than twelve codefendants and existed from January 1968 to 1972." This court held, following *Lupo v. Norton*, 371 F.Supp. 156 (D.Conn.1974), that it is "simply irrational for seriousness of the offense to be used first to determine the appropriate guideline period and then to be used again as the stated reason for confining a prisoner beyond the guideline." Slip op. at 8. The Commission was directed to take corrective action on Alessi's parole determination within twenty-one days.

The Commission issued a new Notice of Action on July 27, 1982. The Notice advanced Alessi's presumptive parole date to December 3, 1982 and informed him that his offense had again been rated as Greatest I "because it involved possession with intent to distribute more than fifty grams of 100% pure heroin and [he] had a managerial role in this distribution." The Notice then went on to explain why Alessi's presumptive parole date was again extended beyond the guideline period:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because your offense involved the following aggravating factors, <u>over and above those facts supporting the Greatest I classification: You had a major role in an ongoing heroin distribution ring which was responsible for selling kilograms of heroin on a regular basis.</u> This drug distribution ring utilized more than twelve co-conspirators and existed for a considerable length of time (January, 1968 to 1972). (emphasis supplied).

With the exception of the underscored language, this rationale is substantially identical to that contained in the March 1980 Notice of Action. The addition of the underscored language does not, however, remedy the constitutional defects in the Commission's parole determination.

*Discussion*

■ The Commission engages in impermissible double counting when it uses the same criteria to determine both the guideline period and whether to extend a prisoner's parole date beyond the guideline period. *Hearn v. Nelson*, 496 F.Supp. 1111, 1115 (D.Conn.1980); *Brach v. Nelson*, 472 F.Supp. 569 (D.Conn.1979); *Lupo v. Norton, supra*. Stated differently, "[t]o justify a decision outside the guidelines, the reasons given in the notice of action must stand apart from the factors already considered in determining the offense severity rating." *Baker v. McCall*, 543 F.Supp. 498, 500 (S.D.N.Y.1981), aff'd mem., 697 F.2d 287 (2d Cir.1982). To make this determination, a court must interpret the scope of the terms "managerial or proprietary interest" and "very large scale." *See* 28 C.F.R. § 2.20. In the March, 1980 Notice of Action, the Commission used the number of Alessi's codefendants and the length of the conspiracy to justify a decision above the guide-

lines. These factors must stand apart from the "very large scale" of Alessi's offense. They do not. As the guidelines have been promulgated, the words "very large scale" are not limited. Thus, an intention to define the "scale" of an offense only in terms of the amount of opiates involved, for example, is not apparent. Indeed, the wording of the guidelines suggests just the opposite, since the "very large scale" language is immediately followed by the non-limiting "e.g." rather than the limiting "i.e." Therefore, the number of coconspirators, or the temporal quality of the prisoner's activities, are factors going to the "scale" of the offense.[1]

 The new Notice of Action issued in response to this court's July opinion again constitutes double counting. The Commission considered Alessi's "managerial role" in the heroin distribution network in assigning his guideline period, and then cited his "major role in an ongoing heroin distribution ring" as an "aggravating factor" over and above those used to support the Greatest I classification. Similarly, the Greatest I classification involves consideration of the amount of heroin distributed, and the Commission cited the same fact, namely, that the distribution network was responsible for selling kilograms of heroin on a regular basis, as another aggravating factor.

■ The proper remedy in a case of non-compliance with the court's order is to grant the writ of habeas corpus and order the prisoner discharged from custody. *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 944, 946, 947 (2d Cir.1976); *Hearn*

v. *Nelson, supra,* 496 F.Supp. at 1117. Therefore, the defendant United States Parole Commission is directed to release the plaintiff Virgil Alessi forthwith on parole, with such conditions and privileges deemed appropriate by the Commission in its discretion.

IT IS SO ORDERED.

---

1. The Joint Explanatory Statement of the Committee of Conference, set out in H.R.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 19, reprinted in 1976 U.S.Code Cong. & Admin.News 335, 351, discusses the Parole and Reorganization Act, P.L. 94–233, pursuant to which the guidelines were promulgated, see 18 U.S.C. § 4203, and states that:

> For example, in making a parole release determination above the guidelines, the Commission would consider factors which include whether or not the prisoner was involved in an offense with an unusual degree of sophistication or planning, or has a lengthy prior record, or was part of a large scale conspiracy or continuing criminal enterprise.

1976 U.S.Code Cong. & Admin.News 359. The guidelines were subsequently promulgated to include the "very large scale" of the offense as a factor in determining the offense characteristic, rather than considering it as an aggravating factor.

Parenthetically, this is the consideration that distinguishes this case from *Baker v. McCall, supra.* In that case, the offense involved unusual sophistication, a factor not considered in determining the offense characteristic. Hence, it was a permissible aggravating factor, justifying incarceration beyond the guidelines.