782 F.2d 17
 Philip RASTELLI, Petitioner-Appellee,
v.
WARDEN, METROPOLITAN CORRECTIONAL CENTER, New York, New
York, United States Department of Justice, Bureau
of Prisons, and the United States Parole
Commission, Respondents-Appellants.
 No. 539, Docket 85-2249.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 18, 1985.
Decided Jan. 15, 1986.
 
 William E. Simon, Jr., New York City (Asst. U.S. Atty. for the S.D. of N.Y., Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., Jane E. Booth, Asst. U.S. Atty., of counsel), for respondents-appellants.
 Stanley A. Teitler, New York City (Stanley A. Teitler, P.C., Amy Adelson, of counsel), for petitioner-appellee.
 Before FEINBERG, Chief Judge, MANSFIELD and OAKES, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 The Warden of the Metropolitan Correctional Center, the Bureau of Prisons and the United States Parole Commission appeal from that portion of the decision of the United States District Court for the Southern District of New York, Abraham D. Sofaer, J., that invalidated 28 C.F.R. Sec. 2.27(a), a Commission regulation governing the time allowed for processing parole appeals in "original jurisdiction" cases. Judge Sofaer held that section 2.27(a) conflicted with the legislative scheme insofar as it allows appeals to be heard up to 119 days from the time they are filed. Specifically, he interpreted 18 U.S.C. Sec. 4203(c)(4) to require review within 30 days of the date of decision. Because we find that section 4203(c)(4) does not apply to appeals in original jurisdiction cases, we reverse the district court's decision in relevant part.
 
 I.
 
 2
 A brief summary of the facts relevant to this appeal follows. The facts and procedural history are set forth in greater detail in Judge Sofaer's opinion, which is reported at 610 F.Supp. 961. Philip Rastelli was convicted of Hobbs Act and criminal anti-trust violations in 1976 and sentenced to ten years imprisonment. On April 21, 1983, he was mandatorily released from his ten-year term after the deduction of good time credit, pursuant to 18 U.S.C. Sec. 4163. He was required, however, to remain under supervision, as if on parole, until December 16, 1986, in accordance with 18 U.S.C. Sec. 4164. Following extensive government surveillance, he was arrested in August 1984 and charged with violating the conditions of his parole by associating with persons engaged in criminal activity and persons with criminal records. Rastelli's case was designated for original jurisdiction pursuant to 28 C.F.R. Sec. 2.17(b) and, accordingly, was governed by the special rules applicable to such cases. On January 16, 1985, the Commission notified Rastelli that his parole had been revoked. Although the violations charged were classified as administrative, and would ordinarily have resulted in at most a nine-month sentence, see 28 C.F.R. Sec. 2.21(a), the Commission decided to exceed the guidelines due to aggravating factors. Rastelli was ordered incarcerated for the remainder of his sentence.
 
 
 3
 Rastelli filed an administrative appeal of this decision on February 1, 1985. As provided by section 2.27(a), it was reviewed by the full Commission at its April 22 meeting and was unanimously affirmed. Before this administrative appeal was filed, however, Rastelli petitioned the district court for a writ of habeas corpus, alleging due process violations in connection with the decision revoking his parole. The government moved to dismiss the petition, based on Rastelli's failure to exhaust his administrative remedies. Although the government's motion became moot when the Parole Commission affirmed the decision to revoke Rastelli's parole, Judge Sofaer found the question of whether exhaustion is required in original jurisdiction cases to be "paradigmatically 'capable of repetition, yet evading review.' " 610 F.Supp. at 963 (citation omitted). He then found that "the procedure established by the Commission under ... Sec. 2.27(a) ... for dealing with appeals of original jurisdiction cases is invalid to the extent that it permits the Commission to take up to 119 days to review an appeal." Id.
 
 
 4
 Although Judge Sofaer affirmed only one of the charges of parole violation that the Commission had found, he upheld the Commission's revocation of Rastelli's parole. Id. at 978. He found the decision to exceed the guidelines arbitrary and capricious, however. Id. at 980. Since Rastelli had been incarcerated for almost ten months, Judge Sofaer granted his petition for a writ of habeas corpus, but stayed its issuance for thirty days, "during which time the Commission must commence a new parole revocation proceeding, or seek to justify his continued detention on some legally sufficient basis." Id. The government does not appeal from this portion of the district court's decision, but it did bring new revocation proceedings against Rastelli within the 30-day period. Once again, the Commission revoked his parole and again Rastelli brought the matter before the district court. Judge Weinfeld, to whom the case was transferred, determined that Rastelli was deprived of due process in this second revocation proceeding and subsequently issued a writ directing Rastelli's release. 622 F.Supp. 1387 (S.D.N.Y. 1985).
 
 II. Mootness
 
 5
 As a preliminary matter, we must consider whether the question of the validity of section 2.27(a) was rendered moot by the Commission's decision affirming its revocation of Rastelli's parole. Although the mootness issue was not briefed by either party, we raised it at oral argument and feel compelled to address it here. After further consideration and, in light of the subsequent developments in this case, we conclude that the issue before us is not moot because it is indeed "capable of repetition, yet evading review." See Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam).
 
 
 6
 Weinstein set forth the two-prong standard for determining whether an issue is "capable of repetition, yet evading review." The two requirements are both satisfied here: "the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration," and there is "a reasonable expectation that the same complaining party would be subjected to the same action again." Id. As to the first requirement, the period provided by the regulation--from 31 to 119 days--has clearly proved too short to allow litigation of the issue in the instant case, or for that matter, in the subsequent proceeding before Judge Weinfeld.[1] As to the second, Rastelli's release under supervision until December 16, 1986 and the Parole Commission's past conduct toward him provide the necessary "reasonable expectation" that he (as the original complaining party) will again be subject to revocation proceedings, that his case will be designated for original jurisdiction and that he will again be subject to the regulation governing appeals in original jurisdiction cases.
 
 III. Validity of section 2.27(a)
 
 7
 The district court found that 28 C.F.R. Sec. 2.27(a) conflicts with the statutory scheme established by the Parole Commission and Reorganization Act of 1976, Pub.L. 94-233, 90 Stat. 219 (PCRA) (codified at 18 U.S.C. Secs. 4201-18), because it allows the Commission to take as long as 119 days to review an appeal in a case designated for its original jurisdiction. Judge Sofaer found that the PCRA embodies two Congressional concerns: "to ensure fair and uniform treatment of prisoners, and to ensure prompt decision and review," 610 F.Supp. at 965 (citing Sen.Rep. No. 369, 94th Cong., 1st Sess. 19, reprinted in 1976 U.S.Code Cong. & Ad.News 335, 340; Parole Reorganization Act: Hearings on H.R. 1598 Before the Subcommittee on Courts, Civil Liberties, and the Administration of Justice of the House Committee on the Judiciary, 93rd Cong., 1st Sess. 130, 219, 233 (1973) (statements of Maurice H. Sigler, Chairman, U.S. Board of Parole, Norman A. Carlson, Director, Federal Bureau of Prisons and Howard Eglit, former counsel to the subcommittee)), and that the procedures provided in section 2.27(a) were neither prompt nor fair.
 
 A. Regulatory scheme
 
 8
 Even prior to the enactment of the PCRA, certain parole cases were designated as original jurisdiction cases, which require a higher voting quorum "to protect confidence in the integrity of the Parole Board by assuring that there is a broader consensus among Board members in cases where there is more likely to be public or private pressure to parole or not to parole." King v. Warden, 551 F.2d 996, 999 (5th Cir.1977) (citing 40 Fed.Reg. 5357 (1975)). Although the PCRA does not specifically refer to this practice, the legislative history indicates that Congress was aware of it, see, e.g., Hearings, supra, at 130, 189 (statement of Maurice H. Sigler), and allowed it to continue. H.R.Rep. No. 838, 94th Cong., 2d Sess. 22, reprinted in 1976 U.S.Code Cong. & Ad.News 351, 355. The Commission's 1976 recodification of the parole regulations following the enactment of the PCRA included regulations concerning original jurisdiction designation and appeals. 41 Fed.Reg. 19331 (1976).
 
 
 9
 Section 2.17(b) sets forth criteria to be used in making such designations, which are generally reserved for the most serious crimes and for prisoners who have received unusual attention. The Commission's Notice of Action stated that Rastelli's case was being designated for original jurisdiction because of his "sophisticated offense behavior." See 28 C.F.R. Sec. 2.17(b)(2)(i) (allowing designation for "[p]risoners whose offense behavior ... [i]nvolved an unusual degree of sophistication or planning"). Decisions in original jurisdiction cases are reached by a process involving greater participation by Commission members than in ordinary cases and appellate review by the full Commission, which is composed of nine members: four National Commissioners (including the Chairman) and five Regional Commissioners. An initial hearing is conducted by two hearing examiners, who make a recommendation to the Regional Commissioner. See 28 C.F.R. Sec. 2.17(a). If the Regional Commissioner designates a case for original jurisdiction, he then forwards it to the National Commissioners with his vote. A decision requires a total of four votes. 28 C.F.R. Sec. 2.17(a).
 
 
 10
 Section 2.27(a) governs the time limit for review of appeals in cases designated for the Commission's original jurisdiction:
 
 
 11
 Cases decided under the procedure specified in Sec. 2.17 may be appealed within thirty days of the date of the decision on a form provided for this purpose. Appeals will be reviewed at the next regularly scheduled meeting of the Commission provided they are received thirty days in advance of such meeting. Appeals received in the office of the Commission's National Appeals Board in Washington, D.C., less than thirty days in advance of a regularly scheduled meeting will be reviewed at the next regularly scheduled meeting thereafter. A quorum of six Commissioners shall be required and decisions shall be by majority vote. In case of a tie vote, the previous decision shall stand. This appellate decision shall be final. (emphasis added).
 
 
 12
 The scheduling of meetings of the full Parole Commission is governed by the PCRA, which requires that meetings take place at least quarterly. 18 U.S.C. Sec. 4203(a). Under section 2.27(a), original jurisdiction appeals will be reviewed by the full Commission in 31 to 119 days from their receipt, depending on when the next scheduled meeting of the Commission occurs. In this case, the Commission decided Rastelli's appeal 81 days after it was filed.
 
 
 13
 Cases not designated for original jurisdiction are heard by a panel of two hearing examiners, who make a recommendation, 28 C.F.R. Sec. 2.23(a); this panel recommendation becomes effective upon approval by the Regional Commissioner. 28 C.F.R. Sec. 2.23(d). A prisoner can appeal the Regional Commissioner's decision to the National Appeals Board, composed of three Commissioners, which must reaffirm, modify or reverse the decision within 60 days. 18 U.S.C. Sec. 4215(b); see also 28 C.F.R. Sec. 2.26(c). This decision is final; there is ordinarily no appeal to the full Parole Commission. Under this system, some original jurisdiction appeals will be reviewed more quickly than ordinary appeals, while others may take considerably longer to review.
 
 
 14
 Rastelli claims that the language of section 2.27(a) renders it invalid. Since the regulation only specifies a period for review of appeals at the Commission's next meeting, he argues that a parolee whose parole has been revoked might wait indefinitely for a decision on his appeal. However, Rastelli does not complain of any delay between review and decision of his appeal, nor is there any indication that any original jurisdiction appeals have been reviewed but not promptly decided. Furthermore, as the government notes, the regulation clearly contemplates a decision, since it refers to voting procedure: "A quorum of six Commissioners shall be required and decisions shall be by majority vote. In case of a tie vote, the previous decision shall stand. This appellate decision shall be final." 28 C.F.R. Sec. 2.27(a). The government informs us that appeals are decided at the same meeting at which they are reviewed. Thus, although the regulation is somewhat unclear, the Commission's reasonable construction avoids appellee's objection. Were the Commission not to consider itself bound to decide appeals at its next meeting, this would raise a more substantial question as to the validity of the parole appellate process.
 
 B. 18 U.S.C. Sec. 4203(c)(4)
 
 15
 Courts have uniformly recognized the Commission's authority to designate cases for its original jurisdiction. See, e.g., Baker v. McCall, 543 F.Supp. 498, 501 (S.D.N.Y.1981), aff'd, 697 F.2d 287 (2d Cir.1982); Christopher v. U.S. Board of Parole, 589 F.2d 924, 932 (7th Cir.1978). However, Judge Sofaer noted that these decisions relied on the fact that designation did not implicate constitutional or statutory rights. 610 F.Supp. at 965 (citing Baker v. McCall, supra, and Christopher v. U.S. Board of Parole, supra). He found that the Commission's action in this case implicated the protection against delay in the administrative process, afforded to non-original jurisdiction appeals by section 4215(b) of the PCRA. Id. at 965-66. Judge Sofaer read section 4203(c)(4) to provide comparable protection by imposing a time limit of thirty days on the Commission's review of original jurisdiction appeals. Id. at 966.
 
 
 16
 Section 4203, captioned "Powers and duties of the Commission," is set forth in relevant part in the margin.[2] Subparagraph (1) of subsection (c) allows the Commission to delegate the powers enumerated in subsection (b), including the power to revoke parole. Subparagraph (4) provides that the Commission "may review ... any decision made pursuant to subparagraph (1) of this subsection except that any such decision so reviewed must be reaffirmed, modified or reversed within thirty days of the date the decision is rendered...." Judge Sofaer held that this represented an "explicit time limit with regard to the full Commission's exercise of powers conferred by section 4203(b)." 610 F.Supp. at 966. Under this interpretation, the time limit specified in section 2.27(a) is inconsistent with the statute, rendering the former invalid.
 
 
 17
 While we acknowledge Congress' concern for fairness and prompt review of parole decisions, we do not believe that it intended section 4203(c)(4) to apply to prisoner-initiated appeals. Although the language and structure of section 4203(c) are not entirely free from ambiguity, the analysis contained in the House Conference Report of the bill which became the PCRA provides the most reasonable construction of this section: "Subparagraph (4) enables the Commission to review any delegated decision on its own motion...." H.R.Rep. No. 838, 94th Cong., 2d Sess. 23 (1976), reprinted in 1976 U.S.Code Cong. & Ad.News 351, 356 (emphasis added); see also S.Rep. No. 369, 94th Cong., 1st Sess. 21 (1975), reprinted in 1976 U.S.Code Cong. & Ad.News 335, 343. Analyzing subparagraph (1) of the same section, the House Report earlier referred to such a review process, noting that it "should be designed to identify and resolve decision patterns involving significant inconsistencies between regions or involving departures from national parole policies...." H.R.Rep. No. 838, supra, at 22, reprinted at 355. We conclude that Congress intended subparagraph (4) to permit the establishment of a review mechanism to be exercised at the option of the Commission, thereby allowing it to retain control over its delegated functions.
 
 
 18
 This interpretation of section 4203(c)(4) accords better with its language than does the district court's. The use of a permissive verb--"may review" instead of "shall review"--suggests a discretionary rather than mandatory review process. "May" is not used in connection with review of prisoner appeals elsewhere in the PCRA. See 18 U.S.C. Sec. 4215(b) (National Appeals Board "must act ... within sixty days to reaffirm, modify, or reverse the decision.") The government also notes that section 4203(c)(4) requires review within 30 days of the decision appealed from. When read in conjunction with section 2.27(a)'s provision allowing a prisoner 30 days to file an appeal, this could require the Commission to render a decision on an appeal the same day it is filed. While Judge Sofaer correctly noted that the Commission should be able to render a decision within 30 days and could do so without a formal meeting, 610 F.Supp. at 966, it is unreasonable to expect it to receive the papers on an appeal and make an informed decision all on the same day. Furthermore, under the district court's construction of section 4203(c)(4), the 30-day limit could apply to appeals in ordinary cases as well as original jurisdiction appeals. This potential conflict with the 60-day limit of section 4215(b) is another factor weighing against stretching the language of section 4203(c)(4) to cover original jurisdiction appeals.
 
 C. 18 U.S.C. Sec. 4215(b)
 
 19
 If section 4203(c)(4) does not apply to appeals in original jurisdiction cases, Rastelli maintains that section 2.27(a) is nonetheless invalid because it conflicts with 18 U.S.C. Sec. 4215(b), which provides that
 
 
 20
 [t]he National Appeals Board, upon receipt of the appellant's papers, must act pursuant to rules and regulations within sixty days to reaffirm, modify, or reverse the decision and shall inform the appellant in writing of the decision and the reasons therefor.
 
 
 21
 On this point, the district court's construction of section 4215(b) is persuasive. Judge Sofaer found that, while this section was designed to protect prisoners from delay, it "explicitly refers only to appeals to the National Appeals Board, [and] provides no specific time limit for appeals to the full Commission." 610 F.Supp. at 966 (emphasis added). Rastelli's reading conflicts with the plain language of section 4215(b).
 
 
 22
 Other indices commonly used in statutory interpretation support the conclusion that section 2.27(a) does not conflict with the legislative scheme. As noted earlier, when Congress enacted the PCRA, there was a regulation similar to section 2.27(a) in effect. Congress nowhere indicated any disapproval of the existing appeal process in original jurisdiction cases.[3] As appellants note, Congress' failure to condemn an existing regulation provides an inference that it acquiesced in the regulation. See Grocery Manufacturers of America, Inc. v. Gerace, 755 F.2d 993, 1000 (2d Cir.1985). Furthermore, the Parole Commission, the agency charged with administering the PCRA, has interpreted section 2.27(a) to be consistent with the statute. It included the provision in its recodification of the parole regulations following the enactment of the PCRA. 41 Fed.Reg. 19331 (1976). While not determinative, this interpretation is entitled to substantial deference. See, e.g., Chevron U.S.A., Inc. v. National Resources Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984).
 
 
 23
 We find that the time limit for original jurisdiction appeals contained in 28 C.F.R. Sec. 2.27(a) is not inconsistent with the PCRA. Accordingly, we reverse the portion of the district court's decision from which appellants appealed.
 
 
 
 [1]
 See Rastelli v. Warden, 622 F.Supp. 1387, 1393, & n. 28 (S.D.N.Y.1985)
 
 
 [2]
 Section 4203 provides, in relevant part, as follows:
 (a) The Commission shall meet at least quarterly, and by majority vote shall--
 (1) promulgate rules and regulations establishing guidelines for the powers enumerated in subsection (b) of this section and such other rules and regulations as are necessary to carry out a national parole policy and the purposes of this chapter;
 * * *
 (b) The Commission, by majority vote, and pursuant to the procedures set out in this chapter, shall have the power to--
 (1) grant or deny an application or recommendation to parole any eligible prisoner;
 (2) impose reasonable conditions on an order granting parole;
 (3) modify or revoke an order paroling any eligible prisoner; and
 (4) request probation officers and other individuals, organizations, and public or private agencies to perform such duties with respect to any parolee as the Commission deems necessary for maintaining proper supervision of and assistance to such parolees; and so as to assure that no probation officers, individuals, organizations, or agencies shall bear excessive caseloads.
 (c) The Commission, by majority vote, and pursuant to rules and regulations--
 (1) may delegate to any Commissioner or commissioners powers enumerated in subsection (b) of this section;
 (2) may delegate to hearing examiners any powers necessary to conduct hearings and proceedings, take sworn testimony, obtain and make a record of pertinent information, make findings of probable cause and issue subpenas for witnesses or evidence in parole revocation proceedings, and recommend disposition of any matters enumerated in subsection (b) of this section, except that any such findings or recommendations shall be based upon the concurrence of not less than two hearing examiners;
 (3) may delegate authority to conduct hearings held pursuant to section 4214 to any officer or employee of the executive or judicial branch of Federal or State government; and
 (4) may review, or may delegate to the National Appeals Board the power to review, any decision made pursuant to subparagraph (1) of this subsection except that any such decision so reviewed must be reaffirmed, modified or reversed within thirty days of the date the decision is rendered, and, in case of such review, the individual to whom the decision applies shall be informed in writing of the Commission's actions with respect thereto and the reasons for such actions.
 * * *
 
 
 [3]
 The Senate version of the PCRA included a provision similar to section 2.27(a), which was dropped without explanation from the final version of the bill. While appellants maintain that this deletion indicates that Congress felt no change in existing practice was necessary, Judge Sofaer speculated that this "action could readily be construed, in light of Congress' repeated expressions of concern with delay in the administrative processes of the Parole Board, as a refusal to create a general exception to that time limit." 610 F.Supp. at 965-66. Since Congress provided no explanation of its action, we find this deletion alone an ambiguous indication of Congressional purpose and draw no conclusion from it