884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlos A. PORTILLA, Petitioner-Appellant,
v.
F.M. HAWK, Respondent-Appellee.
 No. 89-7056.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 16, 1989.
Decided Aug. 23, 1989.
 
 Carlos A. Portilla, appellant pro se.
 Before K.K. HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carlos A. Portilla, a federal inmate incarcerated in the Federal Correctional Institute at Butner, North Carolina, appeals from an order of the district court dismissing his habeas corpus petition as frivolous. We remand for further proceedings.
 
 
 2
 In his petition pursuant to 28 U.S.C. Sec. 2241, Portilla contends that, in setting his presumptive parole date, the Parole Commission set his offense severity level too high for the offense he committed, relied on inaccurate information in the presentence report, and retaliated against him after he appealed by raising his offense severity level even higher and refusing to give him credit for time spent in state custody. These claims challenging the execution of Portilla's sentence are properly brought in a Sec. 2241 petition in this district, United States v. Snow, 748 F.2d 928 (4th Cir.1984), and may be considered by the district court provided that Portilla has exhausted the administrative remedies available to him. Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985). Although federal courts have no jurisdiction to review substantive decisions of the Parole Commission in setting presumptive parole dates, Garcia v. Neagle, 660 F.2d 983 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982), they may consider claims that the Commission has failed to follow pertinent constitutional, statutory and regulatory provisions. Id. at 988. Portilla's claims fall in this category. See United States v. Leath, 711 F.2d 119, 121 n. 2 (8th Cir.1983) (accuracy of information in presentence report); Ceniceros v. U.S. Parole Commission, 837 F.2d 1358 (5th Cir.1988) (offense severity level cannot be higher than offense of which defendant is convicted); Tunks v. Sigler, 432 F.Supp. 615 (C.D.Cal.1977) (same); Fardella v. Garrison, 698 F.2d 208 (4th Cir.1982) (vindictiveness).
 
 
 3
 Accordingly, we vacate the judgment of the district court and remand this case for further proceedings. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 4
 VACATED AND REMANDED.