**Allen R. HAWKINS**

v.

**U. S. PAROLE COMMISSION.**

**Civ. A. No. 80–0899–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 30, 1981.

Allen R. Hawkins, pro se.

Debra J. Prillaman, Asst. U. S. Atty., Richmond, Va., for respondent.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Allen R. Hawkins, an inmate at the Federal Correctional Institution in Petersburg, Virginia, proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus seeking relief from the actions of the U. S. Parole Commission. Respondent's motion to dismiss, or in the alternative, motion for summary judgment is now ripe.[1]

### Background

Petitioner is currently serving a sentence of six to twenty-four years as a result of convictions of petit larceny, possession of a prohibited weapon, assault with intent to commit robbery, violation of the Bail Reform Act, and possession of stolen mail. On 25 March 1980, petitioner received an initial parole hearing. As a result of the hearing, the Parole Commission decided to continue petitioner for presumptive parole on 1 June 1984. The reason for the Commission's decision was stated in the 16 April 1980 Notice of Action:

1. The motion, prepared on respondent's behalf by Assistant United States Attorney Debra J.  Prillaman, has been most helpful to the Court.

Your offense behavior has been rated as Greatest I severity because your instant offenses include a forcible rape at gun point. You have a salient factor score of 2. You have been in custody a total 45 months. Guidelines established by the Commission for youth cases which consider the above factors indicate a range of 60–76 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you have a repetitive history of assaultive behavior, specifically: Your record of criminal activity includes four convictions and incarcerations for robbery and one of your instant offenses involves a robbery and forcible rape. Also, the following circumstances are present: You have been undeterred from involvement in serious criminal activity despite prior periods of incarceration and community supervision.

In fact, you committed one of your instant offenses in your probation officer's office, while reporting to him for probation supervision. Your stated reasons for committing your instant petit larceny and bail reform act violation indicate a disregard for the property rights of others and of the law.

Petitioner raises several grounds for relief.

### A.

First, petitioner challenges the Parole Commission's action as an invasion of the traditional province of the judiciary. In this regard petitioner states:

Petitioner contends that the U. S. Parole Commission has frustrated the sentencing Court's discretion... Petitioner contends that when parole authority focuses consideration entirely on factors of deterrence, incapacitation, and retribution, it takes into account almost exclusively the very factors that are available to the sentencing judge and thus begins to perform functions which are within the traditional providence of the judiciary.

To the extent that the Parole Commission makes individual judgments about the relative culpability of prisoners and the length of imprisonment proper to vindicate the needs of society yet fails to take into account the sentence imposed by the Court, the Commission embarks, alone, on a task which is the traditional providence of the judiciary.

Equally important, the sentence actually imposed by the trial judge is not a factor in determining the customary release date, and [petitioner] avers that under current procedures the sentence is not given any weight in the individual parole commission process. Petitioner observes that current regulations have removed the prescribed sentence from the considerations which must be taken into account.

█ Everything petitioner says is unquestionably correct, yet the Court must reject this challenge to the Commission's authority. The Court of Appeals for the Fourth Circuit has recognized and accepted the fact that the duties of the Commission are at times judicial in nature. *Pope v. Chew*, 521 F.2d 400 (4th Cir. 1975) ("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions"). The Congress, according to the Supreme Court, has mandated that the length of the sentence imposed by the trial judge be ignored by the Parole Commission. In *U. S. v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the Court held that 28 U.S.C. § 2255 is not available to challenge a denial of parole on the basis that the denial frustrated the sentencing judge's expectations. The Court noted:

The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, within certain limitations, to the discretion of the Parole Commission. Whether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate, and in doing so, to moderate the dispari-

ties in the sentencing practices of individual judges.

. . . . .

To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not to the Courts.

442 U.S. 188–190, 99 S.Ct. 2242. Petitioner's challenge to the guidelines on the basis that they do not take into account the length of the sentence imposed must be rejected. *Accord: Piore v. Nelson*, 626 F.2d 211 (2nd Cir. 1980). Whether this is a wise policy is a question proper to be addressed to Congress. That it is not illegal is no longer disputable.

### B.

■ Next, petitioner claims that the Parole Commission performs legislative functions and that this is improper:

[A]fter the Commission has set its grid of 'customary release dates,' such release dates predetermine the time when prisoners will be paroled without regard to the individual facts of such case.

Insofar as the Commission attempts to make general rules as to the appropriate punishment for crimes which effectively bind parole decisions in all cases, it undertakes functions which are usually discharged by the legislature.

Since the parole guidelines function as automatically as they do, the Commission is effectively redrafting the penalty provisions of the United States criminal code.

Were it true, in his case, that the guidelines adopted by the Parole Commission are applied mechanically without regard to the facts of individual cases, the Court would be hard pressed to conclude that the Board was actually exercising the "unique discretion" which Congress delegated to it. *U. S. Board of Parole v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973). While such may often be the case, there is a significant indication to

the contrary here. As respondent quite correctly points out:

[The Commission's] decision as reflected on the Notice of Action shows that the Commission decided to go above the parole guidelines in Hawkins' case. This, in itself, reveals that the Commission did not apply its guidelines in a mechanistic manner and that individualized consideration was provided.

Brief in support of motion, p. 5. Petitioner's claim that he was denied individual consideration by the Commission must be dismissed.

### C.

Petitioner next argues that the Commission arbitrarily decided to continue him beyond the customary guideline range when it considered a factor already considered in determining the guideline range:

A reason for continuing parole beyond [the] guideline period is improper if it merely restates [a] factor already computed in the salient factor score.

See Petition. Apparently, petitioner complains that evidence relating to his commission of prior criminal acts may not serve as the basis for a decision beyond the guidelines. As noted *supra*, the reasons given by the Commission for its decision beyond the customary guideline period include the following:

[Y]ou have a repetitive history of assaultive behavior, specifically: Your record of criminal activity includes four convictions and incarcerations for robbery...

Notice of Action, 16 April 1980.

■ In calculating Item A of the salient factor score which is used to determine the guideline date, the Commission takes favorable points from inmates based upon the number of prior convictions they have suffered. The salient factor score does not, however, take into account the nature of the prior convictions. Relying on *Brach v. Nelson*, 472 F.Supp. 569 (D.Conn.1979), Judge Merhige recently held that

The nature and chronology of an offense may be taken into account to justify a

decision above the guidelines even though the offense was counted in a determination of Item A of the salient factor score.

*Grimes v. Garrison,* CA No. 80–0420–R (E.D.Va.1981). The undersigned adopts this reasoning and rejects petitioner's claim.

### D.

Finally, petitioner claims that he was not given an adequate written statement for the Commission's reasons for its action. The petition itself reveals, however, that petitioner received a copy of the 16 April 1980 Notice of Action. The petitioner quotes from the Notice as follows:

> [N]o reason was given other than the conclusory and perfunctory statement that "you have a repetitive history of assaultive behavior." Such boilerplate reasons could easily be used to cloak completely arbitrary and capricious actions.

Petition, p. 8. The Notice of Action is adequate to satisfy constitutional and statutory requirements for a written statement of reasons. This claim must be dismissed.

Petitioner's frustration with the sentencing/parole process is shared by me. A judge considers with great thought the crime committed, the presentence report, the views of the probation officer, the argument of counsel, and not least, the allocution of the defendant. The sentence is then imposed. Insofar as the length of incarceration is concerned, the whole process, in most cases, is a charade. Under the law, the length of sentence imposed by the Court is of no practical significance.

For the above reasons, the petition for a writ of habeas corpus must be denied.

An appropriate order shall issue.

Should petitioner desire to appeal, written notice of appeal must be filed with the Clerk of the Court within 60 days of this date.

Let the Clerk send a copy of this memorandum and order and accompanying judgment to petitioner and to counsel for respondent.