**Ernest CASTALDO, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

Civ. A. No. 81–C–1505.

United States District Court,
D. Colorado.

Jan. 7, 1983.

James A. Branch, Jr., and Howard I. Rosenberg, Denver, Colo., for petitioner.

Robert N. Miller, U.S. Atty. and Linda A. Surbaugh, Asst. U.S. Atty., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Ernest Castaldo, a federal prisoner, filed this petition for writ of habeas corpus and writ of mandamus. The United States Parole Commission ("the Commission") has submitted a written response. The issues have been thoroughly briefed, and, after reviewing the briefs, I find that oral argument would not assist materially in consideration or decision of the petition.

Castaldo was convicted of possession of cocaine with intent to distribute. He was sentenced to eight years imprisonment with a ten-year special parole term. In reviewing his parole date, the Commission determined that Castaldo should remain confined until his mandatory release date, September 7, 1985. Had the Commission followed its presumptive guidelines, Castaldo would have a parole date during the year July 1983 to July 1984. Instead, acting pursuant to 28 C.F.R. Section 2.20(c), it chose to set a parole date beyond the presumptive guidelines.

The petitioner contends that this action by the Commission was improper and denied him due process of law. Specifically, he argues that the Commission established the parole date by erroneously twice considering the aggravated circumstances of the offense for which he was convicted. He claims that the Commission first used these circumstances to place his offense in the "Greatest I" category, defined by the regulations to include "possession with intent to distribute" cocaine on a "very large scale (e.g., offense involving more than one kilogram of 100% purity, or equivalent amount.)" 28 C.F.R. Section 2.20 (Guidelines for decisionmaking). Then, he contends, the Commission again considered the large amount of cocaine involved in the crime to establish a parole date beyond the presumptive guidelines. One stated reason for going beyond the guidelines was, indeed, that "the instant offense involved more than six pounds of cocaine." (Transcript, Parole Hearing, November 17, 1981, at 22.) For the reasons stated below, I find that the Commission did not violate the petitioner's constitutional rights and did not act improperly in establishing his parole date.

### Specific Findings of Fact and Conclusions of Law

Petitioner contends that his due process right to liberty was violated when the Commission took its action. The government responds that the due process clause does not apply to parole release determinations. The dispute centers on the wording of the federal parole statute, 18 U.S.C. Section 4206, which sets forth conditions for eligibility and then states that if the conditions are met, "such prisoner shall be released."

The Supreme Court has held that specific statutory language, if mandatory, may create a right to parole upon meeting the statutory conditions. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Courts of Appeal are divided on whether the federal parole statute establishes such a right. The Seventh and Eighth Circuits have held that 18 U.S.C. Section 4206 creates constitutionally protected rights. *Solomon v. Elsea,* 676 F.2d 282 (7th Cir.1982); *Evans v. Dillahunty,* 662 F.2d 522 (8th Cir.1981). Both of those courts consider this federal statute only slightly different from the Nebraska statute construed in *Greenholtz* where the Nebraska parole board was ordered to release a prisoner unless one of four specified reasons was found. Similarities in the wording of the acts mandate the conclusion that the due process liberty interests protected in *Greenholtz* may be invoked by federal prisoners who meet the conditions of the federal statute. *Cf. Shahid v. Crawford,* 599 F.2d 666 (5th Cir.1979). In my view the reasoning of the Seventh and Eighth Circuits is sound, and absent any Tenth Circuit precedent, should be followed. Thus I conclude that the federal parole statute here involved may give rise to due process protections.

Having determined that action by the parole commission could jeopardize due process rights, I must decide whether any such violations occurred in this case. I have carefully examined the arguments very ably briefed and presented by both parties. As stated above, the petitioner's primary complaint is "double-counting" of the aggravating circumstance that more than one pound of cocaine was involved in his crime. I find and conclude that impermissible "double-counting" did not occur.

The situation here is clearly distinguishable from the three cases cited by the petitioner. In *Little v. Hadden,* 504 F.Supp. 558 (D.Colo.1980), I found that the Commission erred in extending imprisonment and delaying parole release when it arbitrarily determined that the heinousness of the crime (murder) overcame the mitigating circumstance (diminished capacity) which by the Commission's own rules required a lower offense classification. The Commission's action there was not so much "double-counting" as internally inconsistent action which could not even pass the "arbitrary and capricious" standard of review accorded administrative actions. *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977).

*Brach v. Nelson,* 472 F.Supp. 569 (D.Conn.1979) and *Lupo v. Norton,* 371 F.Supp. 156 (D.Conn.1974) present situations in which double-counting actually occurred. In *Brach,* both the salient factor score and the aggravating circumstances for extension of confinement were based on a state parole violation. In *Lupo,* the Court found it improper to extend imprisonment because release "would deprecate the seriousness of the offense" when the seriousness of the offense already had been considered in applying the parole release guidelines. *See, also, Jacoby v. Arnold,* 442 F.Supp. 144 (M.D.Pa.1977).

■ This situation, however, is markedly different. Castaldo's crime is rated in severity as "Greatest I." It is rated at that level because it involved more than the threshold amount of one kilogram of cocaine. One kilogram equals 2.2046 pounds.

Castaldo was convicted of having nearly three times that amount. As the government incisively understates, "[t]o note that the offense involved more than six pounds of cocaine is not the same thing as finding that the offense merely passes the one kilogram threshold." (Respondent's Brief 10.) It is apparent that the offense severity was not double-counted. The Commission merely considered, as an aggravating factor, the amount in excess of that required to meet the "Greatest I" offense rating.

■ Castaldo makes two other arguments. I find that neither has merit. He argues first that the Commission failed to state with adequate specificity the reasons behind its decision. He contends that this shortcoming violated the notice requirement of 18 U.S.C. 4206(c). I cannot find, as petitioner urges, that a detailed statement of the Commission's reasoning is necessary to meet the intent of the statute. I find, rather, that each notice gave him, in clear, simple language, more than adequate explanation of the Commission's decision.

■ Castaldo also asserts that his salient factor score was miscalculated. One of the elements considered in determining the salient factor score is whether the potential parolee was on probation or parole at the time that the present offense was committed. If he was not, he receives one point toward the total score. This would raise his total to a score of "8" and place him in a category which would allow an earlier release date. Petitioner makes much of the issue that he was on an unsupervised probation. The government disputes this fact. Petitioner also contends that the Commission failed to apply the proper standard and decide the dispute by a preponderance of the evidence. 28 C.F.R. Section 2.19(c). Petitioner has failed to carry his burden on this issue. This Court has limited power to review an agency determination. The Commission's decision on Castaldo's probation status at the time of the instant crime, and his consequent score, like all other aspects of its decision, must be upheld absent a showing of arbitrary or capricious action. *Dawson v. Andrus,* 612 F.2d 1280 (10th Cir.

1980); *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977). I cannot find that the Commission acted arbitrarily or capriciously in making this determination.

Accordingly,

IT IS ORDERED that Ernest Castaldo's petition for habeas corpus and mandamus is denied, and the petition is dismissed with prejudice. Each party shall bear his or its own costs.