John Brett ALLEN, Petitioner,

v.

John T. HADDON and U.S. Parole Commission, Respondents.

Civ. A. No. 81–K–1863.

United States District Court,
D. Colorado.

Feb. 15, 1983.

Scott H. Robinson, Gerash & Robinson, P.C., Denver, Colo., for petitioner.

Robert N. Miller, U.S. Atty., C. Phillip Miller, Asst. U.S. Atty., Denver, Colo., for respondents.

## ORDER

KANE, District Judge.

On April 5, 1982, I issued an extensive Memorandum Opinion and Order in this action which has been published at 536 F.Supp. 586. In that order, I held that: dismissed counts of a thirty-four (34) count indictment had been improperly used against petitioner in his parole determination; the national commission had abused its discretion by not applying the proper standard of proof; the commission had abused its discretion in rating petitioner's offense severity; and the commission impermissibly used the same factors to determine offense severity and to justify going beyond the guidelines. The case was remanded to the commission for re-determi-

nation of petitioner's parole date. In detailing the action to be undertaken by the commission, I ordered that

[this determination] shall be based solely on new findings of fact made by the commission in a manner consistent with this opinion. Should the respondents decide that a parole determination outside of that recommended by the guidelines is warranted, it shall, in accordance with 18 U.S.C. § 4206(c), state in writing its reasons for that determination. None of these factors used to determine offense severity or petitioner's salient factor score shall also be used as justification for making a parole determination outside of the guidelines. 536 F.Supp. at 600

The commission, on June 4, 1982, complied with my order and filed a notice of appeal. The appeal was subsequently dismissed on motion of the Department of Justice, but not before petitioner was released on a fully secured $50,000 appeal bond.[1] The government has now moved to revoke that bond because of dismissal of the appeal, and petitioner seeks an order directing his release on parole.

Upon remand and reconsideration, the commission reduced the presumptive parole time of 78 months to 60 months.[2] The reasons for this determination are explained in the Notice of Action as:

"Your offense behavior has been rated as very high severity insofar as it involved importation and possession with intent to distribute quantities of marijuana totaling 3300 pounds. You have a salient factor score of 10. You have been in custody a total of 37 months. Guidelines established by the Commission for adult cases indicate a range of 26 to 36 months imprisonment for cases with good institutional program performance and adjustment.

---

1. The appeal was dismissed September 31, 1982; the bond was executed August 3, 1982.

2. Petitioner was initially given a parole severity rating of "greatest II" and assigned a 78-month presumptive parole date. The offense severity rating was then lowered to "greatest I" but the presumptive parole date remained at 78 months. At 60 months presumptive parole date, the severity rating is "very high." Petitioner's salient factor of 10 has remained constant.

"You escaped from a federal prison camp and remained absent more than seven days. Guidelines established by the commission indicate an additional range of 6 to 12 months imprisonment for that conduct.

"After review of all relevant factors and information presented, a decision above the combined guideline range (32 to 48 months) is found to be warranted because you are a poorer parole risk than indicated by your salient factor score. This conclusion is based on (1) your series of three major marijuana offenses over five years, which is indicative of a commitment to a criminal career, and (2) the fact that two of those three offenses were committed while you were on appeal bond from the first conviction."

Petitioner bases his motion on allegations that the commission is only giving "lip service" to the court's order, that it continues to deny petitioner his due process rights by attempting to do indirectly what it cannot do directly and is using the same factors to determine offense severity and to explain going beyond the guidelines.

 As I said in my earlier opinion, 18 U.S.C. § 4203(b) grants the Parole Commission broad powers to grant and delineate parole conditions. The commission has established its guidelines[3] and may render a decision outside of these guidelines if there are "especially mitigating or aggravating circumstances in a particular case." In the Tenth Circuit the commission must provide a detailed explanation for going beyond the guidelines. *Fronczak v. Warden, El Reno Reformatory*, 553 F.2d 1219, 1221 (10th Cir. 1977) (*partially overruled on other grounds, Watts v. Hadden*, 651 F.2d 1354 (10th Cir.

1981). Petitioner challenges the new presumptive parole date and the rationales given in support.

Petitioner first questions the "very high" severity rating and asserts that of the three offenses considered in establishing the rating, the first two could have been placed only in the "high" range while the third alone could be classified "very high."[4] Petitioner argues that considered separately, each offense would place him in the "high" category and only by aggregation of the total volume of the drugs can the commission justify a "very high" rating."[5] Respondents contend that it is more favorable to the petitioner if all the offenses are aggregated into a single parole guideline of "very high" than it would be to add together two or three guideline ranges for "high" severity offenses. Respondents admit that all three offenses were considered in departing from the guidelines.[6]

Petitioner also charges respondents with using the same three offenses to calculate the severity rating and to justify their determination to go beyond the guidelines. Respondents admit in the Notice of Action that the reason for going beyond the guideline is based in part on petitioner's "three major marijuana offenses over five years . . ." Respondents also state in their brief in opposition (page 4) that

"[p]etitioner is correct in his factual assertion that the Parole Commission considered all three of his marijuana offenses and aggregated the total amount of marijuana involved in each of them to reach a single offense severity rating"

but disputes that the decision to depart from the guidelines was based on the same

---

3. See 28 C.F.R. § 2.20. One coordinate of the grid established by the regulation is the "salient factor score" which attempts to evaluate a prisoner's potential risk of violating parole; the other coordinate determines the severity of the offense.

4. The first offense is the Colorado conviction for importation of marijuana. The second and third marijuana convictions are from the Eastern District of Pennsylvania [conspiracy to possess with intent to distribute] and the Western District of Texas [aiding and abetting the im-

portation of marijuana and the exportation of currency in furtherance thereof.] The activities which led to the second and third convictions are agreed to have occurred while the petitioner was on appeal bond on the first conviction.

5. The guidelines were modified between the time of the second and third offenses.

6. Respondents' brief in opposition, page 4.

factor as the determination of the "very high" severity rating. (page 5 of the brief) At page 6 of respondents' brief, they state: "although both the offense severity rating and the decision to depart from the guidelines used the same based (sic) of information about the three marijuana offenses, those determinations were not really based on the same factors. The severity rating was based on the volume of marijuana involved in petitioner's behavior. It did not matter for that rating whether the 3300 pounds was involved in a single incident, or multiple transactions over a period of years. On the other hand, the total 3300 pound quantity did not cause the determination that petitioner was a poorer parole risk. The critical factor for that conclusion was that petitioner had repeated the offense of making substantial marijuana transactions over a period of five years."

In my April 5, 1982 order, I stated:
"Several courts have held that the commission cannot use information to determine offense severity or salient factor score, and then use the same information as a justification for going beyond the guidelines. The usual approach is to include all of the proven offenses, whether dismissed or not, to determine the offense. Then none of these offenses can be considered as aggravating circumstances. An alternative would be to determine offense severity just from the offenses for which the prisoner pled or was found guilty, and then to consider the other offenses as aggravating circumstances. *In any case, however, the same offense cannot be used for both purposes* ... (footnotes and citations omitted) (emphasis added) 536 F.Supp. at 596

■ Petitioner's assertion that respondents' argument is no more than a matter of semantics is correct and maybe even restrained. Without an aggregation of the convictions, respondents would not have been able to impose the "very high" severity rating. Clearly and by their own admission, all three offenses were considered in reaching this rating. The Notice of Action says that all three offenses were used to justify going beyond the guidelines. The "double duty" use of these three convictions is impermissible and is an abuse of the Parole Commission's discretion. I do not believe that there has been good faith compliance with my April 5, 1982 order by the commission. Petitioner has moved for a release on parole which, as is argued by respondents, is a power vested exclusively in the commission. 18 U.S.C. § 4201 *et seq.* To issue the writ and release the petitioner would arrogate to me the authority of the Parole Commission. I have asked the commission to reconsider and reevaluate petitioner's case once previously. I trust that a second time will not be as futile as the first.[7]

IT IS ORDERED that the respondents' motion to revoke the petitioner's bond is denied, and,

IT IS FURTHER ORDERED that this case is once again remanded to the respondents for further consideration and action consistent with this opinion and order. In particular the respondents shall make a new determination of petitioner's offense severity rating, applying the guidelines that were in effect when the offenses were committed. This determination shall be made within sixty (60) days and shall be based solely in a manner consistent with this opinion and the previous opinion at 536 F.Supp. 586 (1982) which I incorporate herein by reference. It should be clear, but I shall repeat that none of the factors used to determine offense severity or petitioner's salient factor score shall be used as justification for making a parole determination outside the guidelines. The respondents are

7. Respondents have raised a failure to exhaust administrative remedies argument to petitioner's motion. This argument is rejected. Failure to exhaust administrative remedies is a defense challenging the jurisdiction of this court. This matter was remanded to the Parole Commission for a reconsideration of petitioner's parole date, but jurisdiction over the action remained with this court. This court has jurisdiction, and any requirement of exhaustion of remedies would be inappropriate.

admonished that further casuistical distinctions such as demonstrated in the response to the previous order of remand shall be considered by me as suggestive of a deliberate bad faith effort to avoid compliance with this order. Finally, if compliance with this order is not obtained within the sixty (60) day period or reasonable, but limited, extension thereof for good cause shown, I shall grant the petition and issue the writ.