**Ernest CASTALDO, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and George Rodgers, Warden, Federal Correctional Institution, Englewood, Colorado, Respondents-Appellees.**

**No. 83–1201.**

United States Court of Appeals, Tenth Circuit.

Jan. 16, 1984.

Ernest Castaldo, pro se.

Robert N. Miller, U.S. Atty., and Linda A. Surbaugh, Asst. U.S. Atty., Denver, Colo., for respondents-appellees.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Petitioner seeks review of the district court's denial of habeas corpus and mandamus relief. *Castaldo v. United States Parole Commission,* 554 F.Supp. 985 (D.Colo. 1983).

Mr. Castaldo was convicted of possession of cocaine with intent to distribute and sentenced to eight years imprisonment. Following his initial parole hearing, he was advised that the Commission was exceeding its guidelines and continuing his incarceration to the expiration of the sentence. The reasons given for exceeding the guideline range of fifty-two to sixty-four months were as follows:

> The instant offense involved more than six pounds of pure cocaine, and you have two previous convictions regarding cocaine. Also, you failed to appear and sustained a conviction which is under appeal.

March 6, 1980, Notice of Action.

The failure to appear conviction was subsequently overturned and the indictment ordered dismissed. *United States v. Castaldo,* 636 F.2d 1169 (9th Cir.1980).

In November of 1981, petitioner was afforded a second initial parole hearing. He was also provided with a copy of the United States Attorney's report which he had not previously seen, as well as the opportunity to verbally rebut the contents thereof.

The second hearing resulted in the same parole determination, *i.e.,* continuation to expiration. The December 7, 1981, Notice of Action contained the following reasons:

> The offense was of great magnitude involving more than 6 pounds of pure cocaine. You have sustained two previous convictions involving cocaine.

In establishing a presumptive parole date the Commission uses a parole prognostication device, geared to individual history, called the salient factor score. 28 C.F.R. § 2.20. Petitioner scored a seven at both hearings, qualifying him as a "good" parole risk. The offense severity was rated Greatest I; the behavior example is listed as "Cocaine, possession with intent to distrib-

ute/sale [managerial or proprietary interest and very large scale (*e.g.,* offense involving more than 1 kilogram of 100% purity, or equivalent amount)]." 28 C.F.R. § 2.20.

These two grid coordinates established an incarceration range in petitioner's case of fifty-two to sixty-four months which, as noted earlier, the Commission elected to exceed.

Petitioner challenged his salient factor score of seven, contending that because he was on unsupervised (state) probation at the time of the offense, he was entitled to one more point. The Initial Hearing Summary Format lists his most previous conviction as having resulted in "36 months summary probation and fined." However, the second parole hearing reflects that the federal offense had been committed just prior to the effective termination date of the probation term.

■ The Parole Commission is entitled to resolve disputed facts by the preponderance of the evidence standard. 28 C.F.R. § 2.19(c). Petitioner admitted that he had been supervised while on probation. He also understood that he was still technically on probation at the time of the federal offense. We concur with the district court's conclusion that petitioner failed to meet his burden of proof on this issue. *Castaldo v. United States Parole Commission,* 554 F.Supp. at 987. *See also United States v. Stevens,* 559 F.Supp. 1007, 1016 (D.Kan.1983).

Petitioner also complains that the Commission in *fact* relied on the overturned failure to appear conviction in denying parole following the second hearing. Although there was some discussion of the conviction at the second hearing, the decision rested on the two remaining reasons, *i.e.,* the amount of cocaine involved and petitioner's previous cocaine convictions.

The highest offense severity rating for cocaine related offenses is Greatest I. 28 C.F.R. § 2.20. Petitioner contends that the Commission could have rated cocaine offenses involving large amounts as Greatest II—no upper incarceration limit—now re-

formulated as Categories seven and eight, *see* 47 Fed.Reg. 56334, *et seq.* (December 16, 1982), but has determined not to do so. Thus, petitioner contends that the amount *beyond* the one kilogram threshold cannot be used as an aggravating factor. To do so, he reasons, results in "double-counting," *i.e.,* using the amount first to place him within the guidelines and second as a reason to exceed the guidelines. Courts have frequently condemned the double-counting practice. *See e.g., Allen v. Haddon,* 558 F.Supp. 400 (D.Colo.1983); *Lupo v. Norton,* 371 F.Supp. 156 (D.Conn.1974); *Brach v. Nelson,* 472 F.Supp. 569 (D.Conn.1979); *Hearn v. Nelson,* 496 F.Supp. 1111 (D.Conn. 1980).

■ In this case, however, the district court concluded that double counting had not occurred. Petitioner's offense involved several times the amount required for placement in the Greatest I category. So it is the magnitude of the particular offense, not the nature of the violation which supplies the good cause element required to exceed the guidelines. *Solomon v. Elsea,* 676 F.2d 282, 287 (7th Cir.1982). *See also Sotelo v. Hadden,* 721 F.2d 700 (10th Cir. 1983); *Alessi v. Quinlan,* 711 F.2d 497 (2d Cir.1983); *Garcia v. Neagle,* 660 F.2d 983, 990 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982) (monetary amount permissible factor in offense severity rating); *Stroud v. United States Parole Commission,* 668 F.2d 843, 847 (5th Cir.1982); *Brunnelle v. Kerr,* 557 F.Supp. 969, 977 (W.D.Wis.1983).

Petitioner complains that his prior convictions, used first to calculate his salient factor score, were also used as reasons to exceed the guidelines. Again, however, it was not the fact of the prior convictions which prompted the Commission's denial of parole but the *nature* of the convictions, *i.e.,* cocaine related offenses. *Stroud v. United States Parole Commission, supra.*

The Commission's decision to exceed the guidelines requires something more than the standard reasons for within-guideline denial; in other words, "good cause" for continued incarceration must be established.

*Joost v. United States Parole Commission,* 698 F.2d 418, 419 (10th Cir.1983); *Sotelo v. Hadden, supra.* In this case the good cause factors were the amount of cocaine involved in the instant offense and the fact that petitioner had prior cocaine related offenses. We agree that the Commission adequately established good cause in this case.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. *See* 10th Cir.R. 17(b).