793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES D. BOYD, Petitioner-Appellant,
v.
TONY R. YOUNG, NORMAN A. CARLSON, AND BENJAMIN F. BAER,
Respondents-Appellees.
 85-5168
 United States Court of Appeals, Sixth Circuit.
 5/8/86
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: KENNEDY and MILBURN, Circuit Judges; JOINER, Senior District Judge.*
 
 
 3
 This matter is before the Court upon consideration of petitioner's appeal from the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas corpus petition. He moves this Court to supplement the certified record and to prevent respondents' oral argument as a sanction for filing an untimely brief. Respondents move to dismiss the appeal. The case has been referred to a panel of the Court, pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Petitioner is serving a twenty year sentence for the conviction of drug related offenses. The United States Parole Commission set his presumptive parole date 32 months beyond the guideline for inmates designated as Category Six for severity offense with a salient factor of 10. On appeal, the National Commissioner affirmed the Commission's decision. In response, the petitioner filed a 28 U.S.C. Sec. 2241 habeas corpus petition alleging that his severity offense rating should be Category Five because of the 'peripheral' role he played in the drug operation. He further claims that the Commission 'double counted' characteristics of his offense for the purpose of exceeding the parole guideline and that the National Commission failed to consider relevant information submitted as an amendment to his appeal. As a result, he alleges that he is being illegally confined. The district court dismissed the petition holding that the Commission's severity offense Category Six assessment of petitioner is correct, that petitioner's allegation of double counting is erroneous and that all pertinent information was considered by the National Commissioner on appeal. Plaintiff appealed to this Court. He moves to supplement the certified record and to prevent respondents from oral argument because of their untimely filed brief.
 
 
 5
 The United States Parole Commission's substantive decision to grant or deny parole is an action committed to agency discretion. Farkas v. United States, 744 F.2d 37 (6th Cir. 1984). While the appropriateness of the Commission's decision of whether or not to grant parole is unreviewable, judicial review may be had of the Commission's setting of a presumptive parole date to determine if the date is within legal bounds and not an abuse of discretion resulting in the inmate's illegal confinement. Adams v. Keller, 736 F.2d 320 (6th Cir. 1984).
 
 
 6
 In the present case, the Commission's decision is within legal bounds and is not arbitrary or an abuse of discretion. Neagle, supra; Farkas, supra. The parole guidelines specially designate a Category Six for a severity offense rating of an offender when the amount of drugs involved exceeds 200,000 dosages unless the offender's participation in the drug operation was peripheral in nature. The amount of drug dosage involved in this case far exceeded the 200,000 dosage designation. Moreover, petitioner's participation was more than peripheral. He financed the establishment of laboratories for the development, as well as manufactured and distributed the drugs. His participation was substantial. Therefore, the Commission properly assessed his severity offense rating as a Category Six. 28 C.F.R. Sec. 2.20, Subchapter D, 931(a)(b). The excess time added by the Commission beyond the maximum presumptive parole date within Category Six, 32 months, is not a denial of due process due to double counting. Time range within the categories of the guidelines may be exceeded at the Commission's discretion for good cause as a result of aggravating circumstances. 20 C.F.R. Sec. 2.20(c)(d); See Alessi v. Quinlan, 711 F.2d 497 (2d Cir. 1983); Castaldo v. United States Parole Com'n, 725 F.2d 94 (10th Cir. 1984); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir. 1981); Dioguardi v. United States, 587 F.2d 572 (2d Cir. 1978); Ruip v. United States, 555 F.2d 1331 (6th Cir. 1977). The aggravating circumstances in the present case were viewed by the Parole Commission to be petitioner's indifference to the results drugs have on users and their families and his escape after two days of trial. See Jones v. Salisbury, 422 F.2d 1326 (6th Cir.), cert. denied, 400 U.S. 836 (1970). Finally, petitioner's argument that the National Commissioner failed to consider relevant information on appeal is erroneous. The information submitted was repetitious.
 
 
 7
 Respondents' motion to dismiss should be denied. Petitioner did comply with the service requirement of Rule 25(b), Federal Rules of Appellate Procedure. Petitioner's motion to supplement the record must be denied because the information he submitted to this Court is already included in the certified record. Furthermore, his motion to disallow respondents' oral argument is denied as moot. Oral argument by the parties to this action is not necessary.
 
 
 8
 It is therefore ORDERED that petitioner's motions to supplement the certified record and to prevent respondents' oral argument be and hereby are denied, respondents' motion to dismiss is denied, and the district court's judgment affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation