**Phillip J. LaPLACA, Petitioner,**

v.

**J.J. CLARKE.**

Civ. A. No. 86–864–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 22, 1987.

Phillip J. LaPlaca, pro se.

Raymond Jackson, Asst. U.S. Atty., Norfolk, Va., for respondent.

DOUMAR, District Judge.

## ORDER

Phillip J. LaPlaca, now in custody at F.C.I. Petersburg, Virginia, has brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he is entitled to habeas corpus relief for three reasons: (1) that the Parole Commission erred in "triple counting" some elemental factors in determining petitioner's offense severity rating; (2) that the Parole Commission violated 18 U.S.C. § 3551 by setting a release date based upon the allegedly incorrect salient factor score; and (3) the Commission violated 28 U.S.C. § 2119 (sic) by failing to disclose to the petitioner the information it relied upon in setting petitioner's release date. In the Court's view, petitioner's contentions do not constitute a basis for granting the requested habeas corpus relief. The petition is therefore DENIED.

## I. BACKGROUND

Petitioner is currently serving an aggregate thirteen-year sentence imposed by the United States District Court for the District of New Jersey. He was sentenced to a twelve-year term for a conviction of distribution of methamphetamine and possession with intent to distribute methamphetamine on November 14, 1983, and was subsequently sentenced by the same court to a consecutive one-year term for jumping bail. Petitioner committed both offenses while on parole from an eight-year sentence imposed by the same court in 1979 for use of a communication facility in the distribution of methamphetamine.

Petitioner applied for parole (on the thirteen-year sentence) on May 6, 1986, and a hearing was held on that date at F.C.I. Petersburg, Virginia. The Commission notified petitioner, by a notice of action on May 27, 1986, that his parole had been

revoked, that the remainder of the original federal sentence would commence upon parole or release from the subsequent (thirteen-year) sentence, and set a presumptive parole date after petitioner had served 84 months.

On June 13, 1986, petitioner appealed the Commission's decision to the National Appeals Board. The Board affirmed the decision below but modified the reasons therefor by a notice of action dated October 15, 1986. Petitioner hereby appeals the decision of the National Board of Appeals.

## II. GROUND ONE:

Petitioner claims that the Commission "triple counted some elemental factors in the guideline matrix to justify an otherwise impermissible increase in guidelines rating from category four to category five." Complaint at 3. The petitioner elaborated:

The Commission used a failure to appear offense to impose a 6 to 12 month sanction on inmate. Initially, the same offense is used to aggravate the salient factor score. All convictions are considered in arriving at a score of 4 in that matrix. Then the same offense is included in reaching movant's initial category of offense rating which was originally category four. For the third time the offense of failure appear is leveled to add six to twelve months to the higher category five which was an enhancement based on the alleged manufacturing offense. One can readily see a triple counting abuse took place only on the failure to appear factor in movant's overall scheme of things.

Petitioner's Brief at 6.

Some courts have held that the same information may not be used to determine the salient factor score or offense severity rating and to justify the Commission's decision to set a parole date that exceeds the guidelines. *Briggs v. United States Parole Commission*, 736 F.2d 446, 450 (8th Cir.1984); *Allen v. Haddon*, 558 F.Supp. 400, 403 (D.Colo.1983). This is not the law in the Fourth Circuit, where "[t]he nature and chronology of an offense may be taken into account to justify a decision above the guidelines even though the offense was counted in a determination of Item A of the salient factor score." *Hawkins v. U.S. Parole Commission*, 511 F.Supp. 460, 462–63 (E.D.Va.1981) (quoting opinion of Judge Merhige in *Grimes v. Garrison*, CA No. 80–0420–R (E.D.Va.1981)), *aff'd. mem.*, 679 F.2d 881 (4th Cir.1982). *See also* 61 A.L.R. Fed. 135, 210 (1983).

Further, the government's response to the petition and the exhibits thereto establish that the Commission did not use the failure to appear offense in determining offense severity and salient factor score and in the decision to exceed the guideline range:

Mr. LaPlaca's offense severity rating of Category Five was based on the circumstances of his drug conviction, including the Commission's independent finding that the government's offense description in the presentence report indicated that he actually manufactured methamphetamine. See Offense Behavior Severity Index, Chapter Nine, Subchapter D, Note (1) to Chapter Nine (manufacture of synthetic illicit drugs is rated no less than Category Five). The failure to appear offense was not used to support the Category Five rating, rather the Commission added a separate suggested guideline range of 6–12 months to be served before release to the base guideline range of 48–60 months for Mr. LaPlaca's drug offense. This action was in accord with the offense example at Chapter Six, Subchapter B, 617(a). Neither conviction was used to calculate Mr. LaPlaca's salient factor score since the "current federal offense" (*i.e.*, the offense considered in selecting the offense severity rating) is not counted as a prior conviction under Item A of the score. See 28 C.F.R. § 2.20 (Salient Factor Scoring Manual, Item A, A.1). The only convictions used by the Commission to determine Item A of the score for a parole violator are the conviction from which he was paroled plus any convictions before that adjudication. *Id.* at Special Instructions—Federal Parole Violators.

The nature of Mr. LaPlaca's methamphetamine conviction and the fact that he once again violated parole by his commission of new criminal behavior were used by the Commission to support its decision to exceed his suggested guideline range. However, it has been repeatedly held that the Commission may use the pattern of a prisoner's prior criminal activity to render a decision above his guideline range.

Response to Petition for Writ of Habeas Corpus at 3–4 (citations omitted).

Therefore, Ground One is rejected.

## III. GROUND TWO:

■ Petitioner next alleges that the Parole Commission violated 18 U.S.C. § 3551 by setting a release date that exceeded the guidelines and by failing to set this date before 1989. Complaint at 4. In essence, petitioner argues that the Commission has no authority to go beyond the guidelines or to set parole dates later than 1989.

This ground is based upon an apparent misinterpretation of the applicable transition rules. The Comprehensive Crime Control Act of 1984 ("the Act") provides for the repeal of the provisions of the United States Code pertaining to parole, as of November 1, 1987. P.L. 98–473, § 235(a)(1), 98 Stat. 2031 (1984) as amended by P.L. 99–217 § 4 99 Stat. 1728 (1985). The current parole provisions are to remain in effect, however, during a five-year "transition period." Pub.L. 98–473, § 235(b)(1). These provisions apply to individuals convicted prior to the effective date of the Act (November 1, 1987). *Id.* Thus, with respect to the sentence in question here, petitioner is clearly subject to the existing provisions of the United States Code even after the effective date of the new statute. With respect to parole terms, the Act provides:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

*Id.* at § 235(b)(3).

This section does not, by its terms, compel the Parole Commission to parole all prisoners within its jurisdiction by a certain date; rather, it requires the Commission to make a decision concerning the parole date of such prisoners early enough in the five-year transition period to allow the prisoner to appeal this decision within the five-year period. *Id.* The Senate Report expressly contemplates that all prisoners in custody might not have been paroled by the end of the transition period:

Most of those individuals incarcerated under the old system will be released during the five-year period. As to those individuals who have not been released at that time, the Parole Commission must set a release date for them prior to the expiration of the five years that is consistent with the applicable parole guidelines.

S.Rep. No. 98–225 (98th Cong. 1st Sess.), *reprinted at,* 1984 Code Cong. & Admin. News 3182, 3372.

Petitioner contends, however, that Section 235 of the Act requires the Parole Commission to set all release dates within the guideline range, and by implication, prohibits the Commission from exceeding the guidelines. However, the applicable parole regulations, found at 28 C.F.R. § 2.1–2.63, permit the Parole to set parole dates above or below the guidelines when the circumstances warrant such a decision, *id.* at § 2.20(c), or to deny parole when there is good cause for doing so. 18 U.S.C. § 4206(c). These regulations are an integral part of the statutory law that remains in effect during the transition period. It is this Court's view that the transition rule establishes a date by which the Parole Commission must make all remaining parole decisions, but does not change the method by which such decisions are made.

Thus, the transition rules do not preclude the establishment of a release date beyond the guidelines in the petitioner's case. Therefore, Ground Two of this petition is without merit.

## IV. GROUND THREE.

█ Petitioner's final claim is that the Parole Commission violated 28 U.S.C. § 2119 by failing to disclose to the petitioner the information relied upon in determining petitioner's release date. Complaint at 4. There is no such section in the United States Code. Presumably, the petitioner is attempting to allege a violation of 18 U.S.C. § 4208 which provides, in pertinent part:

(b) At least thirty days prior to any parole determination proceeding, the prisoner shall be provided with (1) written notice of the time and place of the proceeding, and (2) reasonable access to a report or other document to be used by the Commission in making its determination. A prisoner may waive such notice, except that if notice is not waived the proceeding shall be held during the next regularly scheduled proceedings by the Commission at the institution in which the prisoner is confined.

(c) Subparagraph (2) of subsection (b) shall not apply to—

(1) diagnostic opinions which, if made known to the eligible prisoner, could lead to a serious disruption of his institutional program;

(2) any document which reveals sources of information obtained upon a promise of confidentiality; or

(3) any other information which, if disclosed, might result in harm, physical or otherwise, to any person.

18 U.S.C. § 4208 (b, c). *See also* 28 C.F.R. § 2.55.

Specifically, petitioner claims that the information relied upon by the Commissioner in concluding that the petitioner had manufactured methamphetamine was not disclosed to the petitioner prior to his parole hearing. The defendant's exhibits indicate, however, that on April 17, 1986, petitioner executed the following pertinent clauses on his "Notice of Hearing-Parole Application Representative and Disclosure Request:"

IF YOU DO NOT WISH TO REQUEST ANY DISCLOSURE, INITIAL THE FOLLOWING WAIVER:

__PJP__ I do not wish to inspect my files before the (Initials) hearing scheduled on this form.

IF YOU HAVE INSPECTED FILE MATERIAL, INITIAL BELOW:

__PJP__ I have reviewed the materials in my (Initials) institutional file on April 17, 1986.

IF YOU HAVE NOT RECEIVED DISCLOSURE OF THE FILE MATERIALS YOU REQUESTED OR IF THERE ARE LESS THAN 30 DAYS BETWEEN EITHER OF THE ABOVE DATES AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION UNLESS YOU INITIAL THE FOLLOWING WAIVER:

__PJP__ I did not receive 30 days prehearing disclosure of the material I requested from my files. However, I hereby waive my right to disclosure 30 days in advance of the hearing, and I request to be heard as scheduled.

Exhibit 1 to Response to Petition for Writ of Habeas Corpus at 2. Thus, to the extent that the petitioner alleges a violation of his advance disclosure rights and right to inspect his files, the evidence indicates that petitioner waived these rights.

█ Ground three also appears to challenge the Commission's finding that petitioner manufactured methamphetamine. This finding was vigorously contested at the parole hearing, at which petitioner was represented by counsel. Exhibit 3 to Response to Petition for Writ of Habeas Corpus at 2. It was based upon the information contained in the presentence report, *id.*, which was part of the petitioner's institutional file, and could properly be considered by the Commission. 18 U.S.C. § 4207(3). As noted above, petitioner waived his legal right to review his institutional file. The finding was also based upon informant information. Exhibit 3 to Response to Petition for Writ of Habeas Corpus at 2, which may be exempt from disclosure under 18 U.S.C. § 4208(c)(2).

Furthermore, it has been held that due process does not require the disclosure of information upon which the Parole Commission bases its characterization of an offense. *Bowles v. Tennant,* 613 F.2d 776, 778 (9th Cir.1980). Therefore, petitioner was not denied access to any information to which he was entitled. Accordingly, Ground Three of the petition affords no basis for relief.

\* \* \*

As the petition provides no basis for granting the requested habeas corpus relief, it is hereby DISMISSED.

The petitioner is advised that he may appeal *in forma pauperis* from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, which said written notice must be received by the Clerk within sixty (60) days from the date of this order and may be filed without the prepayment of costs or giving security therefor.

The Clerk is directed to send a copy of this order to petitioner, to counsel for respondent, and to the United States Attorney for the Eastern District of Virginia.

IT IS SO ORDERED.