James R. BURTON, Petitioner,

v.

U.S. PAROLE COMMISSION, et al., Respondents.

No. 88–3212–0.

United States District Court, D. Kansas.

Oct. 22, 1990.

James Burton, Leavenworth, Kan., pro se.

D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., for respondents.

ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas, challenges the decision of the United States Parole Commission ("Commission") to set his parole release date beyond parole guidelines. Petitioner specifically claims the Commission (1) improperly used the same information to determine his salient factor score and to then extend his release date beyond the guidelines suggested by that score and (2) improperly calculated the rescission guidelines applicable to his institutional misconduct. Having reviewed the pleadings filed in this case, the court makes the following findings and order.

*Factual Background*

Petitioner is presently confined at the United States Penitentiary, Leavenworth, Kansas, under a 17–year regular adult sentence for armed bank robbery imposed by the United States District Court for the District of Maryland on July 28, 1982. At issue in this petition are actions taken during two review proceedings conducted by the United States Parole Commission.

1. Initial parole hearing

Petitioner was assigned an offense severity rating of "Very High" and a salient factor score of 0 at his initial parole hearing conducted on October 13, 1982, at the United States Penitentiary, Lewisburg, Pennsylvania. The examining panel found applicable a range of 60–72 months of service, but this range was extended an additional 24 months, with a recommended release date of May 11, 1990, due to petitioner's prior record.

The panel's explanation of petitioner's salient factor score appears in the hearing summary and provides as follows:

(a/b) Subject ... was committed three separate times to training schools as a juvenile and appears to have spent most of his adult life incarcerated. During his commitments ... he escaped repeatedly, accounting for the "zero" on item C. He states he was paroled on a state sentence ... in April, 1980 and while on parole he was arrested no less than five separate times, once for assault with intent to murder, and once for the instant bank robbery....

(c) As mentioned, he has five separate commitments, in that his two major commitments were broken by repeated escapes.

(d) Recent commitment free period: Negative, in that he was on parole for less than two years when the instant offense occurred.

(e) Parole/Probation/Escape Status Violator this time: Affirmative, he was on parole.

(f) Opiate dependence: Admitted.

(g) Prisoner admits his SFS of zero.

The panel's recommendation was adopted by the Commission and affirmed by the National Appeals Board.

**196**

2. Rescission hearing

Petitioner's combined statutory interim/rescission hearing was conducted at the United States Penitentiary, Leavenworth, Kansas, on December 16, 1987. After considering petitioner's most recent progress report and his institutional record, the examining panel applied a rescission guideline range of 52–110 months. Noting that petitioner would be automatically released after service of 40 months beyond his presumptive parole date of May 11, 1990, the panel recommended petitioner continue to expiration of his sentence. This recommendation was adopted by the Commission.

The National Appeals Board, however, determined the Category Six rating applied by the panel to an episode of institutional misconduct involving a fire was too severe and modified the rating to Category One. This finding reduced the rescission guidelines to 0–54 months but did not effect an earlier release date, since the original decision to continue to expiration resulted in release after the additional service of only 40 months.

The National Appeals Board notice of action contains the following explanation of the decision to exceed the guidelines:

After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a more serious risk than indicated by your salient factor score, in that you have a repetitive history of assaultive behavior, specifically, you were on parole for assault and battery when you committed this offense and your instant offense behavior included the use of a firearm. You are also a poorer risk than indicated by your salient factor score, in that you have a significant history of escapes.

You have committed behavior that constitutes new criminal conduct in a prison facility or in a community treatment center which is rated as Category One severity because it involved destruction of property, i.e., setting a fire in an institution indicating a guideline range of 0–8 months to be added to your original presumptive parole date.

In addition, your rescission behavior is classified as administrative. Guidelines established by the Commission indicate a range of 60 and 240 days per disciplinary infraction. You have committed 11 infractions equaling 0–46 months to be served.

Your aggregate guideline range is 0–54 months to be added to the original presumptive parole date May 11, 1990....

In this action, petitioner challenges the Commission's decision after his initial hearing to extend his incarceration beyond the guidelines indicated by his salient factor score and the decision of the National Appeals Board after his rescission hearing to rate the incident involving a fire as new criminal conduct.

*Discussion*

*Double-counting*

██ Petitioner argues the Commission considered the same information in determining his salient factor score and in extending his incarceration beyond the guidelines. This practice of "double-counting" has been condemned in this circuit. *See, e.g., Montoya v. U.S. Parole Com'n,* 908 F.2d 635 (10th Cir.1990); *Castaldo v. United States Parole Com'n,* 725 F.2d 94 (10th Cir.1984); *Sotelo v. Hadden,* 721 F.2d 700 (10th Cir.1983).

In this case, however, the court is persuaded that no double-counting occurred. While the previous commitments reflected in petitioner's salient factor score are those considered as support for the decision to extend petitioner's incarceration beyond the guidelines, the salient factor score reflects merely the occurrence and number of commitments and not the similar nature of an inmate's violations, which may be weighed by the Commission in determining whether a departure from the guidelines is appropriate. *See Allen v. Hadden,* 738 F.2d 1102, 1105 (10th Cir.1984); *Castaldo v. United States Parole Com'n,* 725 F.2d 94, 96 (10th Cir.1984). Any possibility of double-counting in this action is further obviated by the fact the Commission considered behavior in its decision to exceed the guidelines which was not used in set-

ting petitioner's salient factor score, including the use of a firearm during the most recent offense and petitioner's history of institutional misconduct. Viewing the record as a whole, the court finds no abuse of discretion by the Commission.

*Rescission Guidelines*

 The court also rejects petitioner's assertion that the Commission improperly calculated the rescission guidelines applicable to his institutional misconduct. The rescission guidelines applied by the Commission are codified in the Code of Federal Regulations and appear at 28 C.F.R. § 2.36. This section prescribes the postponement of release by 0–60 days for each administrative rule infraction and by 0–8 months for each instance of use or possession of illicit drugs. The Commission applied these guidelines to the four drug-related infractions committed by petitioner and to the seven administrative infractions for a combined total of 0–46 months of service.

The second component of the Commission's action, and the action which petitioner contests, is the assignment of a rescission guideline range of 0–8 months for an incident identified as new criminal conduct.

As noted, the National Appeals Board assigned a rating of Category One to an incident on March 9, 1986, in which petitioner set a fire in his cell in the Special Housing Unit at the United States Penitentiary, Lewisburg, to attract attention for his cellmate, who was ill. Petitioner argues that because no property was destroyed, this incident should be treated as an infraction and sanctioned accordingly.

The court disagrees. Pursuant to federal regulation, property destruction which results in damage of less than $2,000 shall be graded as Category One. 28 C.F.R. § 2.20, Chapter 3, Section 303(f). Any attempt to complete criminal conduct is graded as the same category, *see* § 2.20, Chapter One, Section 102, and petitioner's conduct was therefore appropriately rated as Category One. Accordingly, the court finds the addition of 0–8 months to the guidelines for this incident was a proper application of rescission guidelines.

IT IS THEREFORE ORDERED that this action is hereby dismissed and all relief denied. The clerk of the court is directed to transmit a copy of this order to petitioner and to the office of the United States Attorney.